Bergan, J.
At the trial of defendant for the hold-up of a grocery store, two witnesses, the store clerk and a customer, unqualifiedly identified him. The witnesses had defendant under observation from a distance of one to five feet in a well-lighted store (“two big fluorescent lights ”) for at least three minutes.
No objection was made by the defendant to the testimony of identification by the witnesses. On cross-examination defendant adduced proof that one of the witnesses, Vargas, the customer *455 who had been shot in the hold-up, identified defendant at a hospital where he was under treatment.
The other witness, Vega, the clerk, came to the hospital at the same time and there separately identified defendant. No motion was made by defendant after this proof was adduced, to strike out any of the testimony of identification.
Vargas had been seriously wounded in the hold-up. The police did not know whether he would or would not recover. It was entirely reasonable for them to bring defendant to the hospital immediately after arrest to see if the victims identified him. This was neither time nor place for a line-up.
There is here no such uncertainty of identification or lack of physical visual opportunity to see and to remember, as to render the hospital identification “ grossly and unnecessarily suggestive ” (People v. Ballott, 20 N Y 2d 600, 607; People v. Brown, 20 N Y 2d 238).
Here, as in Brown, there was ample opportunity to observe defendant during the commission of the crime, and it is equally manifest here, as it was in Brown, that the witnesses’ testimony was not based on or tainted by potentially misleading circumstances in the earlier identification.
Nor is it clear that any useful purpose would now be served on a new hearing addressed to the question of the possible effect of the hospital identification on the certainty of the trial testimony where all the facts — the certain trial identification and the nature of the hospital identification — have alike been fully explored. The need for and the useful role of a hearing necessarily depend on the facts of each case. (Cf. United States v. Wade, 388 U. S. 218.)
It may be held here, as it was in Stovall v. Denno (388 U. S. 293), that viewing the “ totality of the circumstance ” and the need for the hospital confrontation (p. 302) no violation of defendant’s constitutional rights has been demonstrated.
The judgment should be affirmed.