■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BETANCOURT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered November 29, 1982, convicting him of burglary in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The evidence in this case, which was wholly circumstantial, established inferentially that defendant backed his auto against the garage door of a service station in Queens County for the purpose of dislodging the heavy wooden door, thereby allowing his accomplice entry to the service station. As defendant was sitting in his car just outside the station, he was approached by the police, during which time his accomplice strolled out of the station and entered defendant's auto. Inside the garage, the officers discovered that a fenced tool storage area had been forcibly entered and two large tool boxes and other auto service equipment had been removed and piled near the dislodged door.

The station manager testified that when he locked the premises that evening, the tools in question had been locked within the fenced enclosure and that the outside garage door had been operable and in good condition.

Those elements of circumstantial evidence which were pivotal involved the testimony by the arresting officer that he found brown paint on the rear bumper of the defendant's auto and that said rear bumper corresponded in height to the damaged area of the painted brown garage door. This evidence was sufficient to allow a reasonable inference that defendant used his automobile, equipped with hand controls due to his disability, to dislodge the garage door and thereby aid his accomplice in gaining entry to the station.

Contrary to defendant's contention that we must exercise the fact-finding function and utilize the test that every hypothesis save that of·guilt has been excluded by the evidence, appellate review of a wholly circumstantial evidence case requires only that the court determine that the jury did not indulge in any unwarranted inferences in applying the reasonable hypothesis standard and that the jury reached a reasonable determination of guilt beyond a reasonable doubt (*see, e.g., People v Barnes,* 50 NY2d 375; *People v Kennedy,* 47 NY2d 196). In so doing, the People are entitled to the benefit of every inference that may be reasonably deducted from the evidence (*People v Way,* 59 NY2d 361, 365; *People v Marin,* 102 AD2d 14, 28). In that context, we find that the evidence adduced at defendant's trial was legally sufficient to establish guilt beyond a reasonable doubt.

We have examined defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.