■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES KEMP, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered December 4, 1980, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Lentol, J.), after a hearing, of defendant's application for suppression of the in-court identification testimony of the complainant.

Judgment affirmed.

The showup identification of the defendant by the complaining witness, which took place in the complainant's hospital room shortly after the incident, did not require suppression of the complainant's in-court identification of the defendant (see, *People v Rivera,* 22 NY2d 453, *cert denied* 395 US 964; *People v Smith,* 46 AD2d 639, *affd* 38 NY2d 882). In any event, a review of the totality of the circumstances compels the conclusion that there was a sufficient independent basis for the complainant's in-court identification (*People v Rivera, supra; People v Smith, supra*). Moreover, the in-court identification of defendant by the complainant's companion, Leroy Richardson, based upon his viewing of defendant at the scene of the crime and during defendant's immediate flight therefrom, was not subject to a motion to suppress under CPL 710.20 (6) (*cf. People v MacKay,* 98 AD2d 732; *People v Marshall,* 91 AD2d 643; *Matter of Leo T.,* 87 AD2d 297).

Contrary to defendant's further contention, the evidence, when viewed in a light most favorable to the People, was sufficient to support the jury's verdict (*see, People v Benzinger,* 36 NY2d 29; *People v Betancourt,* 111 AD2d 762).

In addition, defendant failed to meet his burden of proving that his prior felony conviction was unconstitutionally obtained (CPL 400.21 [7] [b]; *People v Harris,* 61 NY2d 9). No evidence was proffered that the guilty plea which constituted the basis of defendant's prior felony conviction was improvident or baseless; or that defendant did not knowingly, voluntarily and intelligently relinquish his rights; or that he was deprived of the effective assistance of counsel during the plea proceeding.

We have considered defendant's other contentions and find

them to be without merit. Brown, J. P., Weinstein, Niehoff and Lawrence, JJ., concur.