■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CASTILLO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered February 15, 1985, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Matthews, J.), after a hearing, of that branch of the defen-

dant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the showup procedure employed by the police was both unnecessary and unduly suggestive lacks merit. The record reveals that the police officers, who were uncertain of the nature and extent of the defendant's involvement in the crime and the seriousness of the complainant's injuries, were fully justified in exhibiting the defendant to the complainant at the hospital some 15 to 20 minutes after the stabbing *(see, e.g., People v Rivera,* 22 NY2d 453, *cert denied* 395 US 964; *People v Kemp,* 112 AD2d 320; *see generally, People v Smith,* 38 NY2d 882; *People v Brnja,* 70 AD2d 17, *affd* 50 NY2d 366; *People v Veal,* 106 AD2d 418). As such, the showup constituted a proper procedure to confirm a previous identification of the defendant *(see, e.g., People v Higgs,* 111 AD2d 410). In any event, a review of the record compels the conclusion that there was a sufficient independent basis for the in-court identification of the defendant by the complainant as well as positive identifications by two eyewitnesses who did not attend the showup procedure; hence, any possible error in the admission of testimony concerning the showup must be deemed harmless *(see, People v Adams,* 53 NY2d 241). Although the trial court's questioning of the witnesses may have been more than what was necessary, we see no basis for reversal on that ground.

We have considered the defendant's remaining contention and find it to be unpreserved for review and, in any event, without merit. Mollen, P. J., Lazer, Bracken and Kooper, JJ., concur.