■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH LIANO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered June 23, 1987, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is reversed, on the law, and the facts, the defendant's plea is vacated, that branch of the defendant's omnibus motion which was to suppress testimony as to the showup identification of him is granted, and matter is remitted to the Supreme Court, Kings County, for further proceedings.

On June 10, 1986, the 15-year-old complainant was walking home at 1:15 or 1:20 in the afternoon, when he was approached from behind by a young black male who asked him for a cigarette. After responding that he did not have one, a white male, the defendant, approached him on his other side and ordered him to give him his money. The two searched the complainant's pockets while holding him at knifepoint. They removed property and then walked away.

At the precinct, the complainant described the men to the officer who eventually effected the arrest, and indicated that a weapon was involved. The complainant and the arresting officer then drove around canvassing the area for the men for 20 minutes, but their search was unavailing. Upon his return to the precinct, the complainant viewed photographs and picked out the picture of a black male whom, he was told by the police, was a known mugger in the area, was called "Popeye" and was wanted for other crimes. After leaving the precinct, the complainant again saw the twosome standing 40 feet away from him. He arrived home, called the precinct, gave a clothing description, the location of the two men, and the direction in which they were walking.

Within 30 minutes of the complainant's call to the precinct, two officers arrived at his house, told him they believed they had the two men he described, and asked him to go and identify them at the precinct. In the police car, the officers asked the complainant about the weapon used and asked him to describe it. Upon hearing that the knife had gold tips and a brown handle, the officers told the complainant "that's the knife the people were carrying" and told him it was found on the "White skinned guy".

The complainant arrived at the precinct at about 4:00 P.M., was taken to a room and was told he would be looking through a mirror to see if the people there were the ones who had robbed him, or words to that effect. He saw the defendant and a black male both sitting with their arms handcuffed behind their chairs, with another officer present in the room. When asked if these were the assailants, the complainant responded affirmatively.

We agree with defendant that the court erred in denying that branch of his motion which was to suppress the precinct showup, and, as a result, the plea must be vacated (see, People v Grant, 45 NY2d 366, 379-380). No exigent circumstances required an immediate identification, and the defendant was not captured at or near the scene of the crime and immediately viewed by the complainant (see, People v Riley, 70 NY2d 523, 529). The circumstances surrounding this precinct showup render it per se suggestive, and the People failed to meet their burden to show exigency and steps taken to ensure that the identification was free of suggestiveness and exploitation (see, People v Riley, supra, at 531).

The defendant's remaining challenges to the suppression ruling are without merit. With respect to the defendant's contention as to Rosario material we note that the People have a continuing duty to deliver such material to the defense counsel (see, CPL 240.44; People v Jones, 70 NY2d 547, 550; People v Ranghelle, 69 NY2d 56, 64-65; People v Malinsky, 15 NY2d 86, 90-91). Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.