■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD ATKINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 28, 1988, convicting him of burglary in the second degree, criminal mischief in the fourth degree, resisting arrest, possession of burglar's tools, and attempted petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court did not err in refusing to charge criminal trespass as a lesser included offense of burglary in the second degree because there was no reasonable view of the evidence upon which the jury could have found him guilty of criminal trespass but not burglary. The undisputed evidence indicates that the police arrived at the subject premises in response to a radio transmission of a burglary in progress about 10 minutes after the complainant owner's departure. Upon their arrival, the officers observed that the front door had been pushed in and that the second-floor master bedroom had been ransacked. The defendant was apprehended inside the premises, in a closed-off laundry room located in the basement, about two feet from a washing machine containing several pieces of jewelry taken from the upstairs bedroom. Notwithstanding the defendant's proffered

explanation to the police upon being apprehended that he entered the premises to use the bathroom, there is no reasonable view of the evidence from which the jury could have found him guilty of criminal trespass but not burglary. Accordingly, the court's refusal to submit criminal trespass as a lesser included offense was proper (CPL 300.50 [1]; *People v Glover,* 57 NY2d 61; *People v Evans,* 135 AD2d 648).

The sentence imposed upon the defendant was neither unduly harsh nor excessive under the circumstances *(see, People v Suitte,* 90 AD2d 80). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.