■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNY BROWN, Appellant.—

Defendant entered a delicatessen and placed a bottle of beer in his pants with the obvious intention of stealing it. Upon being confronted by a store employee, who hit defendant with a stick, defendant struck the employee on the head with the

beer bottle and proceeded to "trash" the delicatessen with a codefendant. When leaving the store, the defendant took with him a bag of groceries which had not been paid for.

About 10 minutes later the defendant and codefendant were apprehended a few blocks from the delicatessen. At curbside showups the defendant was identified by one of the store's customers and later by the complaining witness. Both men immediately identified the two men as the robbers.

Showup identifications are "permissible if exigent circumstances require immediate identification *(People v Rivera,* 22 NY2d 453), or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately *(People v Love,* 57 NY2d 1023)." *(People v Riley,* 70 NY2d 523, 529.)* The circumstances of this case make such a curbside showup permissible.

Second, the defendant argues he was entitled to a charge on justification. This was not warranted since it should be given only in instances in which some reasonable view of the evidence would support a finding of the suggested defense. *(People v Watts,* 57 NY2d 299.) Defendant's arguments (1) that he was justified in committing the robbery, and (2) that he was justified in committing the assault are not supported by any reasonable view of the evidence presented. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.