■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WILLIAMS, Appellant.—Judgment of the Supreme Court, New York County (Clifford A. Scott, J., at suppression hearing, jury trial and sentence), rendered June 10, 1988, convicting defendant of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of assault in the second degree (Penal Law § 120.05) and sentencing him, as a predicate felon, to concurrent indeterminate terms of imprisonment of from 6 to 12 years on the robberies and 3½ to 7 years on the assault, unanimously affirmed.

We reject defendant's argument that there was insufficient evidence of a forcible taking of property (People v Brown, 158 AD2d 375) and that the court therefore erred in declining to charge the lesser included offense of petit larceny. After defendant and codefendant entered a store, codefendant picked up a bottle of beer and attempted to secrete it on his person. When confronted by one of the storekeepers who told him to put it back, a fight ensued in which codefendant hit the storekeeper over the head with a bottle of beer and defendant struck the storekeeper with a stick. The two men then "trashed" the store before running off with a bag of groceries which had been left on one of the counters. As they exited, the storekeeper and owner hid.

The circumstances of the crime clearly constitute a forcible taking of property, and there is no reasonable view of the evidence which would warrant a jury instruction on the lesser included charge of petit larceny (People v Glover, 57 NY2d 61, 63). The assault on the storekeeper took place after codefendant's crime had been revealed and, together with the trashing of the store, served to intimidate the storekeeper and owner, allowing defendant and codefendant to abscond with the bag of groceries.

We also reject defendant's argument that the People's failure to call the owner of the store to testify warranted a missing witness instruction to the jury. Defendant failed to demonstrate, as a prerequisite to such a charge, that the witness would have given noncumulative testimony *(People v Gonzalez,* 68 NY2d 424, 427). Both the victim and a patron at the store observed the crimes, thereafter identified defendant and codefendant and testified at trial.

It also cannot be said that the court's *Sandoval* ruling constituted an abuse of discretion or, if it did, that there was any prejudice to defendant. The court permitted inquiry into defendant's two felony convictions for attempted burglary and four misdemeanor convictions for theft-related crimes, as well as bad acts wherein defendant used an alias and gave false information to the Criminal Justice Agency. Defendant's specialization in theft-related crimes does not insulate him from use of those crimes for impeachment purposes *(see, People v Pavao,* 59 NY2d 282, 292; *People v Rahman,* 46 NY2d 882). Moreover, the prosecutor, on his own accord, agreed to limit inquiry to the two felonies and only two of the four misdemeanor convictions.

The showup identifications, conducted within a few blocks of, and within 20 minutes after the crime, were not unnecessarily suggestive merely because defendants stood together with uniformed police officers on either side. As we observed in *People v Brown* (158 AD2d 375, 376, *supra):* "Showup identifications are 'permissible if exigent circumstances require immediate identification *(People v Rivera,* 22 NY2d 453), or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately *(People v Love,* 57 NY2d 1023).' *(People v Riley,* 70 NY2d 523, 529.)* The circumstances of this case make such a curbside showup permissible."

We have considered defendant's remaining arguments and find them meritless. Concur—Kupferman, J. P., Ross, Kassal and Rubin, JJ.