■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MIGUEL BARBOSA, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), rendered February 7, 1989, convicting defendant, after a jury trial, of burglary in the second degree and criminal possession of stolen property in the fourth degree, and sentencing him as a persistent violent felony offender to concurrent indeterminate prison terms of from fifteen years to life and two to four years, unanimously affirmed.

In this trial for burglary in the second degree and possession of burglar's tools, the court's *Sandoval* ruling, permitting the prosecutor to cross-examine the defendant about his 1983 conviction for second degree burglary and to elicit that he had been convicted of another felony as well, without inquiry into the facts underlying these convictions, was not an abuse of discretion *(People v Sandoval,* 34 NY2d 371). This Court has consistently held that "[d]efendant's specialization in theft-related crimes does not insulate him from use of those crimes for impeachment purposes" *(People v Williams,* 162 AD2d 309, 310, *lv denied* 76 NY2d 945). Nor was it error for Criminal Term to deny defendant's request to charge trespass as a lesser-included offense of burglary, since there was no reasonable view of the evidence from which the jury could have found him guilty of criminal trespass but not burglary *(People v Atkinson,* 154 AD2d 383, *lv denied* 74 NY2d 946).

Finally, there is no support for defendant's contentions that the sentencing court improperly disregarded defendant's prospects for rehabilitation in imposing sentence, or violated defendant's due process rights by considering defendant's unexplained possession of jewelry, at the time of his arrest, as evidence of guilt of uncharged crimes. *(Compare, People v Burgh,* 89 AD2d 672; *People v Villanueva,* 144 AD2d 285, *lv denied* 73 NY2d 897.) Concur—Murphy, P. J., Rosenberger, Ellerin, Kassal and Rubin, JJ.