■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE CONDON, Appellant. [610 NYS2d 799] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered June 28, 1989, convicting him of murder in the second degree (six counts), robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to three consecutive indeterminate terms of 25 years to life imprisonment for the intentional murder convictions, three concurrent indeterminate terms of 25 years to life imprisonment for the felony murder convictions, three consecutive indeterminate terms of 12½ to 25 years imprisonment for the robbery in the first degree convictions, and a consecutive term of 7½ to 15 years imprisonment for criminal possession of a weapon in the second degree, all terms of imprisonment to be served consecutively to each of the consecutive terms of imprisonment imposed for the intentional murder convictions with the exception of the three terms of imprisonment for the felony murder convictions which are to be served concurrently with the intentional murder terms of imprisonment.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed for criminal possession of a weapon in the second degree shall be served concurrently with each of the terms of imprisonment imposed for the intentional murder convictions; as so modified, the judgment is affirmed.

Viewing the evidence, in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, we do not find that the court improvidently exercised its discretion in ruling, with respect to the defendant's *Sandoval* application *(see, People v Sandoval,* 34 NY2d 371), that the defendant could be cross-examined concerning three prior robbery convictions and a weapons possession conviction *(see, People v Bennette,* 56 NY2d 142, 146-148; *see also, People v Pavao,* 59 NY2d 282, 292; *People v Barbosa,* 176 AD2d 139, 140).

Under the totality of the circumstances, we conclude that

the defendant was afforded meaningful representation of counsel *(see, People v Baldi,* 54 NY2d 137, 147).

With respect to the defendant's claim, with which the People concur, that his sentence should be modified to the extent that the term of imprisonment imposed upon his conviction of criminal possession of a weapon in the second degree be made to run concurrently with the intentional murder sentences, we find that modification is appropriate under the facts of this case because these offenses arose out of the same transaction *(see, People v Ellis,* 139 AD2d 662, 662-663).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.