◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREAS DOCZY, Appellant. [620 NYS2d 408] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 5, 1990, convicting him of manslaughter in the first degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to two indeterminate terms of 8⅓ to 25 years imprisonment for the two counts of manslaughter in the first degree and an indeterminate term of five to fifteen years imprisonment for criminal possession of a weapon in the second degree, all terms to run consecutively.

Ordered that the judgment is modified, on the law, by providing that the sentence imposed upon the conviction for

criminal possession of a weapon in the second degree shall run concurrently with the consecutive terms imposed upon the convictions for manslaughter in the first degree; as so modified, the judgment is affirmed.

The defendant's conviction arose from a barroom fight wherein he shot two men in the head, killing them. Contrary to his contention on appeal, we find no error in the trial court's ruling precluding inquiry into the reputation of one of the victims as a bar brawler. Evidence of a victim's quarrelsome or violent nature is admissible only to support a justification defense where the defendant is aware of the reputation *(see, People v Miller,* 39 NY2d 543; *People v Rodawald,* 177 NY 408). Here, the defendant did not present a justification defense *(see, People v Napolitano,* 173 AD2d 648; *People v Jones,* 140 AD2d 627) and the victim's reputation was not relevant to his defenses of insanity or extreme emotional disturbance. In any event, there was no evidence that the defendant was aware of the victim's reputation *(see, People v Pizzaro,* 184 AD2d 448; *People v Hutchinson,* 141 AD2d 762). Indeed, the defendant testified that he did not know the victims prior to this incident.

The defendant also claims he was denied a fair trial when the court permitted the People's expert psychiatric witness to render an opinion as to the defendant's credibility. However, we find that the court properly "balance[d] the jury's need to be informed of the basis for the expert's opinion against the prejudice to defendant resulting from expert testimony that defendant was not credible" *(People v Braun,* 199 AD2d 993; *cf., People v Graydon,* 43 AD2d 842). The psychiatrist's "opinion testimony" was limited to his own perception of the truthfulness of the information the defendant provided at the psychiatric interview and was not a statement of the defendant's general credibility. It was therefore admissible to explain the psychiatrist's diagnosis and opinion as to the defendant's mental condition at the time of the crime *(see,* CPL 60.55 [1]; *Matter of Lee v County Ct.,* 27 NY2d 432). Furthermore, the court instructed the jury that the psychiatrist's testimony related only to the issue of the insanity defense *(see,* CPL 60.55 [2]) and that they were the sole arbiters of the credibility of all witnesses, including the defendant *(see, People v Ciaccio,* 47 NY2d 431).

The sentence imposed upon conviction for criminal possession of a weapon in the second degree must run concurrently with the sentences imposed upon the manslaughter convictions since the defendant's possession of the gun and his

shooting of each victim were committed through a single act *(see,* Penal Law § 70.25 [2]; *People v Condon,* 202 AD2d 515; *People v Jenkins,* 176 AD2d 348). The sentence is modified accordingly.

The defendant's remaining contentions are without merit. Mangano, P. J., Thompson, Bracken and Altman, JJ., concur.