■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASON MATTHEWS, Appellant. [684 NYS2d 564] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzwieg, J.), rendered September 2, 1997, convicting him of robbery in the first degree (two counts), assault in the first degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review an order of the same court (Demakos, J.), which denied that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is reversed, on the law, the order denying that branch of the defendant's motion which was to suppress identification testimony is vacated, and the matter is remitted to the Supreme Court, Queens County, for a hearing and new trial in accordance herewith.

It is well settled that pretrial showup identification procedures are permissible only if the suspects are found at or near the crime scene and can be viewed by the witness immediately (*see, People v Riley,* 70 NY2d 523), or where exigent circumstances require it (*see, People v Rivera,* 22 NY2d 453, *cert denied* 395 US 964).

The showup identification procedure here, which occurred at the scene three weeks after the commission of the crime and two weeks after the complainant's release from the hospital, was unduly suggestive. Additionally, the fact that the police officer questioned the complainant as to whether or not he "recognized anybody on the corner" while standing directly beside the defendant was highly suggestive (*see, People v Liano,* 142 AD2d 602). Since the People failed to show the presence of exigent circumstances and that steps were taken to ensure that the identification was free of suggestiveness (*see, People v Chipp,* 75 NY2d 327), the defendant's motion to suppress the showup identification must be granted.

As the only evidence connecting the defendant to the crime

was the showup identification testimony and the complainant's in-court identification of the defendant, and no evidence of an independent basis for the complainant's in-court identification was presented at the *Wade* hearing, the judgment is reversed and a new trial is ordered, to be preceded by an independent source hearing (*see, People v Burts,* 78 NY2d 20) and a new determination on the branch of the defendant's omnibus motion which was to suppress identification testimony. Santucci, J. P., Altman, Friedmann and McGinity, JJ., concur.