OPINION OF THE COURT
Bellacosa, J.
Defendant was convicted of twice robbing the same dry cleaning store in Manhattan. The judgment, based on a jury verdict, was affirmed by the Appellate Division and a Judge of this Court granted leave to appeal. The issue now before us is the validity of a showup identification of defendant made by an employee-victim-witness at the robbery scene a few minutes after the robbery. This challenged showup took place after defendant had been identified at the scene of his arrest by the store manager-victim-witness, who had chased after and ultimately caught up with defendant as the police were arresting him around the corner from the store.
*543 While showup identifications are generally suspect and disfavored, at-the-crime-scene civilian showup identifications are not presumptively infirm. We emphasize, however, that such showup or identification evidence should not be routinely admissible either. It must be scrutinized very carefully for unacceptable suggestiveness and unreliability. The admission or suppression of these street showup protocols thus turns on specific and varying circumstances in individual cases (see, People v Wharton, 74 NY2d 921, 923). The apprehension of this perpetrator very near the crime scene, coupled with the temporal proximity to the commission of the crime, withstands this scrutiny. Based on these facts, as found by the suppression court and left undisturbed by the Appellate Division, we conclude that the defendant’s suppression motion was properly denied and that the order affirming his conviction should be affirmed.
Defendant collaborated in an April 21, 1987 armed robbery of a Manhattan dry cleaners. The manager and an employee were present at the time of the robbery and reported it to the police, with a description of the robbers. Ten days later, defendant robbed the same cleaners, this time acting alone. The same manager and employee were present. The manager, who recognized defendant from the April 21 stickup, shouted for help as defendant fled the scene and entered a waiting cab. The cab driver drove less than two blocks before stopping in the path of a police car and signaling the police. Defendant exited the cab and ran. A chase ensued, ending approximately one-half block away with the police capture of defendant, clutching a wad of money in his hand. At that point, the manager of the cleaners appeared and immediately and spontaneously identified defendant as the robber. Defendant was arrested, handcuffed, and seated in the back of a patrol car. The police backed the patrol car around the corner to the cleaners, where the employee identified defendant. Only the employee’s showup identification is challenged and at issue here.
Defendant was later taken to the station house, where he waived his Miranda rights and confessed to the May 1 robbery. He was subsequently charged with both robberies. His pretrial motion to suppress the showup identification by the employee was denied. The suppression court concluded that "given the very very few minutes, perhaps four or three minutes, and the short distance, * * * the identification procedure involving [the employee] was not unduly suggestive.”
*544 During the jury trial, the manager identified defendant as the April 21 and May 1 robber. The employee and the cab driver also identified defendant as the May 1 robber. Defendant was convicted of robbery in the first degree and two counts of robbery in the second degree.
The Appellate Division affirmed, holding that "the showup identification was not so unnecessarily suggestive as to create a substantial likelihood of misidentification,” and that "[t]he fact that defendant was handcuffed in the patrol car alone does not transform a viewing into an unduly suggestive one” (160 AD2d 653). The Appellate Division added that error, if any, regarding the admission of the employee’s testimony was harmless in light of the overwhelming evidence of defendant’s guilt, including the identifications by the manager and the cab driver.
Civilian showup identifications occur in a variety of forms and circumstances. They have met with judicial action ranging from condemnation to condonation. For example, civilian showup identifications at police stations are inherently suggestive and should be suppressed as a matter of general principle unless exigency warrants otherwise (People v Riley and People v Rodriguez, 70 NY2d 523; People v Adams, 53 NY2d 241; compare, People v Gordon, 76 NY2d 595; People v Wharton, 74 NY2d 921, supra). Conversely, prompt showup identifications by witnesses following a defendant’s arrest at or near the crime scene have been generally allowed and have never been categorically or presumptively condemned. In People v Brnja (50 NY2d 366), the defendant was apprehended less than a mile from the robbery scene and was transported in a police vehicle to the robbery scene, where he was identified by the victim 15 minutes after the crime was committed. This Court held that "there was no constitutional infirmity in [ ] the one-on-one showup at the scene in view of its proximity in time and location to the point of arrest” (id., at 372 [emphasis added]; see also, People v Hicks, 68 NY2d 234; People v Love, 57 NY2d 1023).
The circumstances of the showup identification of defendant by the employee in this case are within the permissible boundaries of the governing legal principles. The showup identification was made upon defendant’s return to the robbery scene approximately two minutes after his arrest, three to four minutes after the commission of the crime, and literally around the corner from the arrest scene. This was one *545 unbroken chain of events — crime, escape, pursuit, apprehension and identifications — all within minutes and within a New York City block and a half.
The added nuance of this case is that the manager of the cleaning establishment had identified defendant at the scene of his arrest just before the employee showup identification took place. To be sure, that adds another feature of concern and heightened scrutiny. However, it does not as a matter of law alter the governing legal principles. Defendant’s argument that consecutive or cumulative witness identifications of a showup nature should be presumptively forbidden because the initial identification automatically negates the at-the-scene existence of exigent circumstances is not convincing. The variety of at-the-crime-scene civilian identifications of this nature is so great that they do not lend themselves to per se or presumptive rules. Temporal and spatial considerations become so intertwined that precious compartmentalization to discern levels of exigency, involving fast-paced street episodes and encounters, is unwarranted.
The judicial toleration of promptly conducted at-the-scene showups rests on our objective that the police have reasonable assurances that they have arrested or detained the right person. That societal interest should not be deemed automatically cast aside by the existence of a prior identification in this fast-moving, uninterrupted array of activity (see, People v Brnja, 50 NY2d, supra, at 372). Freezing the frame at the point of apprehension and initial identification and ignoring the uncertain, emergent realities and varieties of these street situations — as a matter of law from detached, distanced and deliberated perspective — is neither wise nor sensible.
We are not blind, however, to the reality that the defendant was shown to the employee-witness while he was handcuffed in the rear of the police car. This is suggestive and not preferred. It presses judicial tolerance to its limits. Nevertheless, the exigent circumstances presented by this situation allow for a supportable finding that the identification here was "not so unnecessarily suggestive as to create a substantial likelihood of misidentification” (People v Duuvon, 160 AD2d 653). The immediately preceding identification alone in these circumstances is not a basis for a presumptive rule of unacceptable suggestiveness as a matter of law and it is not a basis to override the fact findings made in full context by both lower courts.
*546 In this case, it should also be noted that the first identification, made spontaneously by the pursuing manager, does not even qualify for categorization as a police-arranged street showup. The only police-arranged showup at issue in this case is the one by the employee and we have not previously condemned, based on a presumption or as a matter of law, a single at-the-scene showup identification.
The procedural check-and-balance against abuse and undue suggestiveness in circumstances such as these must lie in probing, even skeptical fact finding by the lower courts. Law enforcement officials, faced with rigorous review by the appropriate courts, will thus be made to understand that their evidence-gathering work will not be tolerated whenever routinized, unduly suggestive identification modalities taint or rob the evidence of reliability (see, People v Riley, 70 NY2d, supra, at 530-531).
Defendant’s remaining argument has been examined and found wanting.
Accordingly, the order of the Appellate Division should be affirmed.