OPINION OF THE COURT
Bellacosa, J.
Defendant was convicted of highway robbery after a jury trial and the Appellate Division eventually affirmed the judgment. Before affirming, however, it concluded that the police used a suggestive photographic identification procedure to obtain defendant’s identity from the two robbery victims. That ruling is not before us and is not challenged. The only issue before us on a grant of leave to appeal by a Justice of the Appellate Division is whether the Appellate Division took the proper corrective remedy by holding the appeal in abeyance while it remitted for a posttrial Wade hearing to consider evidence of independent source to justify in-court identification testimony.
The Appellate Division explained that the trial court, at the pretrial Wade hearing, had interfered with the People’s opportunity to introduce evidence of any independent source for the victims’ in-court identifications of defendant at trial. At the posttrial hearing, the prosecutor established an independent source to justify the identification testimony at trial. Both lower courts were satisfied in this respect and defendant’s *22 conviction was thereafter upheld by the Appellate Division. We conclude, under these circumstances, that the posttrial hearing procedure was not a proper remedy. There should have been a reversal of the conviction and a remittal for fresh proceedings, including a new Wade hearing and new trial, if so advised. We therefore conclude that the Appellate Division order should be reversed.
Paula Toms and Timothy Young were robbed when their car was stopped at a traffic light on a street in Buffalo. The robber threatened them with a knife, stole Young’s wallet and Toms’ purse, and fled. Toms and Young went to police headquarters to report the incident and described the man to the police. While at headquarters, they jointly viewed a "mug book” and simultaneously selected defendant’s photograph as that of the robber. Defendant’s arrest, indictment and conviction of two counts of first degree robbery ensued.
Defendant made a customary pretrial motion to suppress identification evidence. In response to defense counsel’s attempt to cross-examine Toms at the hearing concerning defendant’s appearance on the day of the robbery, the trial court limited the scope of the hearing to the issue "whether or not the photographic display * * * in any way may have tainted the possible in-court testimony of this witness by action of the police.” No independent source basis for in-court identifications was developed, and the court denied the motion to suppress. While no testimony or evidence was introduced at the jury trial concerning the photo identification, both victims identified defendant at trial, without objection. During deliberations, the jury inquired whether the victims had identified defendant in a lineup or by mug shots. The court instructed the jury to decide the case based solely on the evidence presented during the trial.
On defendant’s appeal from his judgment of conviction, the Appellate Division found that the joint photo identification by the victims at police headquarters was the product of impermissibly suggestive procedures. The Appellate Division then observed that the trial court’s ruling "lulled the People into complacency or otherwise interfered with their opportunity to present evidence” of an independent basis for the victims’ in-court identifications of defendant (156 AD2d 1010, 1011). That rationale became the basis for its decision to hold the defendant’s appeal in abeyance pending a remittal for a posttrial hearing to determine, nunc pro tune, whether an independent *23 source could be supplied to legitimatize the in-court identifications.
At the posttrial hearing, Toms testified that she had a clear view of the robber at close range and that she had given a physical description of the robber to the police. Young was deceased at the time of the hearing, but his trial testimony was admitted at the hearing pursuant to CPL 670.10. After the hearing court concluded that both victims had a "fully adequate opportunity” to view the robber and that their in-court identifications were "untainted by any suggestive pretrial police identification procedure,” the Appellate Division affirmed the held-in-abeyance judgment of conviction.
In a series of search and seizure cases, this Court has held that where suppression court errors cause the People to fail to offer indispensable evidence or remove any incentive or need to do so, the combined remedy of remittal and posttrial corrective opportunity to fill the gap is permissible (see, People v Crandall, 69 NY2d 459, rearg denied 70 NY2d 748; People v Payton, 51 NY2d 169; People v Green, 33 NY2d 496; People v Malinsky, 15 NY2d 86). In striking a balance to insure a fair, full opportunity for the People to establish the admissibility of seized physical evidence, we concluded in the cited cases that abeyance and a posttrial hearing was an acceptable remedy.
Identification evidence, in contrast to physical evidence, is by its nature dynamic and subjective. Thus, it is subject to distinctive constitutional and precedential protections and empirical concerns relating to reliability. Where, as here, in-court eyewitness identification is at the core of the People’s case, we conclude that an appeal cannot be held in abeyance for a posttrial hearing to supply an independent source basis for already admitted in-court identification testimony, in conjunction with a determination that the suppression court’s ruling on the suggestiveness of identification was flawed. While perhaps efficient, such a procedural shortcut does not and cannot adequately remedy the defective procedure leading up to the admission of the still inchoately flawed evidence. The flaw in this instance cannot be retroactively cured because, simply put, the jury heard impermissible in-court identification evidence and the nature of this kind of defect cannot be sanitized after the irretrievable event has occurred. In such circumstances, nothing short of reversal and a new Wade hearing and new trial will suffice.
We have consistently insisted upon the clean break and *24 fresh-start remedy where evidence evolving from a flawed identification procedure was admitted at trial and where no evidence of an independent basis for in-court identifications, developed at the pretrial suppression hearing, would otherwise support the reliability and admissibility of the in-court identification testimony (see, People v Riley, 70 NY2d 523; People v James, 67 NY2d 662; People v Dodt, 61 NY2d 408). In Dodt, for example, we concluded that defendant’s arrest and detention were illegal and that it was therefore error to admit evidence of a lineup identification at trial. We remitted for a new Wade hearing and trial, noting that "[defendant was entitled in advance of trial to a determination by a Trial Judge on the question of independent source.” (People v Dodt, 61 NY2d, supra, at 418.)
Although no evidence of the photo identification itself was admitted at trial in this case, the unresolved and inchoate taint of the concededly improper photo procedure cannot be retroactively cleansed by a posttrial hearing, nunc pro tune, establishing independent source for already admitted and considered trial evidence.
Pretrial resolution of independent source justification for potential trial identification evidence serves diverse interests of both parties to a criminal proceeding. Most importantly, establishing independent source at an early stage, while the witnesses’ recollections are fresh and unaffected by inappropriate influences, advances the reliability of in-court identifications. Practically, too, the testimony adduced at a suppression hearing as to independent source may significantly affect trial strategy. For example, defense counsel’s decision whether to cross-examine a witness at trial — and to what extent — may be affected by the nature of that witness’s testimony at the suppression hearing relating to independent source (see, People v Dodt, supra, at 418).
While the People have no burden to come forward with independent source evidence in every case absent a showing that a pretrial identification procedure is impermissibly suggestive (see, People v Chipp, 75 NY2d 327, 335, cert denied — US —, 111 S Ct 99), the practical import of our holding in the unusual circumstances that eventuated here is clear. If the People do not present evidence of an independent basis for in-court identifications at a pretrial Wade hearing or are precluded from doing so initially by the trial court in its related rulings, and if a related pretrial identification aspect is ulti *25 mately found to be suggestive on appeal, then the People’s case is at risk for completely renewed proceedings. We are not unmindful that potentially academic pretrial independent source excursions may add burdens to limited judicial and prosecutorial resources; however, in circumstances such as are presented here, "[procedural preference or efficiency may not justify any less protection to the integrity of the process and to the particular defendant’s rights.” (People v Riley, 70 NY2d, supra, at 531.)
Accordingly, the order of the Appellate Division should be reversed and the case remitted to Erie County Court for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, and Hancock, Jr., concur.
Order reversed and case remitted to Erie County Court for further proceedings in accordance with the opinion herein.