■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES HASSELE, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE GONZALEZ, Appellant.—Judgment, Supreme Court, New York County (Richard Failla, J., at suppression hearing; Alvin Schlesinger, J., at trial), rendered November 27, 1889, convicting defendant Hassele of burglary in the first degree, two counts of robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 12½ to 25 years (three terms), 7½ to 15 years, and 3 to 6 years, unanimously affirmed.

Judgment of the same court and Justice, rendered November 27, 1989, convicting defendant Gonzalez of burglary in the first degree, robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent, indeterminate terms of imprisonment of 10 to 20 years (two terms), 6 to 12 years, and 3 to 6 years, respectively, unanimously affirmed.

On appeal defendants argue that the evidence of their on-the-scene identification by three witnesses should not have been introduced into evidence. The evidence at the suppression hearing shows that two officers stopped the defendants' car in response to radio messages reporting shots fired and describing the car, including the license number. Within fifteen minutes after the first report and about seven blocks from the scene of the reported shooting the officers found the defendants' car and barred its way. Defendants were ordered to place their hands on the dashboard, and when the doors of the car were opened, the officers saw that defendant Gonzalez' foot was bleeding. The officers also saw a sawed-off shotgun sticking out from under a floor mat. After defendant Gonzalez was removed from the car, the officers discovered a 9 millimeter pistol, a .38 caliber revolver and a knife.

In the meantime a second patrol car containing an eyewitness stopped where the defendants were being held. The witness identified defendants as the persons that he had seen fleeing from the scene. Several minutes later another witness identified defendants. This witness was inside an ambulance that had been diverted from a hospital. A third witness, who had accompanied the second in the ambulance, identified defendants as the persons she had seen running in the hallway of the building where the shooting had occurred. Defendants were handcuffed throughout this time.

Contrary to defendants' claim, the on-the-scene identifica-

tion by the witnesses was properly admitted at the trial. Prompt showup identifications by witnesses following a defendant's arrest at or near the crime scene have been generally allowed and have never been categorically or presumptively condemned where the interests of prompt identification are served *(People v Duuvon,* 77 NY2d 541; *People v Adams,* 53 NY2d 241, 249). Plainly, the identification of defendants' companion by the first witness served the "objective that the police have reasonable assurances that they have arrested or detained the right person." *(People v Duuvon, supra,* at 545.) This witness' identification of defendants was promptly obtained within a short distance from the scene. The on-the-scene identifications of the other two witnesses pass constitutional muster because the additional identifications did not only serve to "lock in" identification testimony but also served the legitimate investigatory purpose of connecting defendants' companion to what had occurred inside the building.

In any event any error can be dismissed as harmless. Not only were defendants identified at trial by a victim eyewitness who did not attend the showup, but they were connected to the building and the apartment by a veritable unbroken chain of evidence. When the defendants were seized, they possessed the jewelry taken from two of the victims, as well as weapons similar to those that had been used in the robbery. Defendants were found a short distance from the scene and shortly after the incident was reported. They were found in the car that left the scene and that had been described in complete detail. *(People v Adams,* 53 NY2d 241, 252, *supra.)*

Defendants' remaining claims are unpreserved, and were we to consider them in the interests of justice we would find them lacking in merit. *(People v Goodfriend,* 64 NY2d 695.) Concur —Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.