OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, defendant’s motion to suppress the showup identification granted, and a new trial ordered.
On September 28, 1988, at about noon, the complainant, a postman, was approached from behind and robbed of a gold chain and pendant as he delivered mail in the lobby of an apartment building at 240 Park Hill Avenue in Richmond County. The complainant had observed no one in the lobby of the apartment building when he entered. During the robbery the complainant felt a sharp object in his back and heard someone say " 'Don’t move, I am just taking your chain.’ ” The perpetrator fled from the building after taking the chain *830 and the complainant chased him. During the pursuit, the complainant observed that the perpetrator carried a knife in his right hand and looked back on several occasions. After a brief chase, the perpetrator scaled a fence and ran into an adjacent parking lot. The complainant abandoned the pursuit and resumed delivering the mail.
The complainant then reported the incident to a security guard at the apartment building and described the perpetrator to him. Several police officers arrived at the building and drove the complainant around the neighborhood, but after 15 to 20 minutes without finding the perpetrator, the complainant returned to the Stapleton Post Office.
Later that day, the police observed defendant near his home, which was also close to the crime scene. Defendant ran when he saw the police but was soon apprehended. The police brought him to the crime scene. At approximately 2:30 p.m., police officers transported the complainant from the Post Office back to the apartment building. On the way, the police told the complainant that they knew the name of the person who had robbed him, "had a suspect in custody,” and were taking the complainant back to the crime scene "for a positive ID.” The complainant was seated in the rear of an unmarked vehicle when a uniformed police officer escorted defendant, in handcuffs and civilian clothing, out of the apartment building. The complainant identified defendant, whom he had never before seen, as the person who had earlier taken his property.
Defendant moved to suppress the showup identification, arguing that it was "so tainted by suggestible police conduct as to make the ID of the defendant by the victim unreliable,” but the hearing court denied his motion.
The identification was introduced at trial, and the complainant also made an in-court identification of defendant as the perpetrator. Defendant was convicted of robbery in the first degree and resisting arrest. The Appellate Division affirmed the conviction, finding "no error in the hearing court’s refusal to suppress identification testimony based on the showup identification conducted in this case” (176 AD2d 269, 270). The Court reasoned that "[t]he record demonstrates that defendant was detained in close physical and temporal proximity to the crime, the police promptly brought the complainant to the scene to view him, and the showup procedure employed was not unnecessarily suggestive under the circumstances presented” (id., at 270). We now reverse.
*831 Showup identifications "are strongly disfavored but are permissible if exigent circumstances require immediate identification (People v Rivera, 22 NY2d 453), or if the suspects are captured at or near the crime scene and can be viewed by the witness immediately” (People v Riley, 70 NY2d 523, 529). As we noted in People v Duuvon (77 NY2d 541, 544) "prompt showup identifications by witnesses following a defendant’s arrest at or near the crime scene have been generally allowed and have never been categorically or presumptively condemned.” While the limits of an appropriate time period between the alleged crime and a showup identification may vary from case to case, the emphasis must be upon the prompt and immediate nature of an identification after the crime has been committed, not, as the People argue, after the defendant has been arrested. Here, a showup hours after the crime, with both the complainant and the defendant transported to the crime scene, was improper. In those circumstances, an appropriately conducted lineup was required.
Acting Chief Judge Simons and Judges Kaye, Titone, Hancock, Jr., Bellacosa and Smith concur in memorandum.
Order reversed, etc.