■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY WALKER, Appellant. [604 NYS2d 403] —Judgment unanimously reversed on the law, motion to suppress granted and new trial granted. Memorandum: On February 25, 1990, at about 6:25 A.M., Frank Sanseri, a clerk at the Comfort Inn on West Ridge Road in Greece, was confronted by a black male wearing a dark jacket over a grey-hooded sweatshirt with the hood tied tightly around his face. The man slipped Sanseri a note that read: "Put all the money in the bag, I have a gun". According to Sanseri's testimony, the man kept his hands in his pockets and "tracked" Sanseri with his hands and body. The man's pocket jutted forward. Sanseri filled a manila envelope with money from the cash drawer. The man ordered Sanseri to lie on the floor and several times threatened to kill him before leaving with the money and Sanseri's wallet. The police were called to the scene immediately. About an hour later, Officer Munson, who was driving around looking for suspects, observed a black man dressed in dark clothing and wearing a grey sweatshirt with the hood pulled up over his head. The man was walking down an entrance ramp to Route 390, between four and five miles away from the crime scene. When the man observed the marked police vehicle, he began to run. Officer Munson gave chase on foot and eventually caught defendant lying in the snow behind a collision shop. He pulled his revolver and ordered defendant not to move. As soon as other officers arrived on the scene, defendant was handcuffed, searched and placed in the police vehicle. Sanseri was then transported to the scene of defendant's capture, where defendant was displayed to him handcuffed and standing between two police officers. One of the officers pulled the hood of the sweatshirt up onto defendant's head. Sanseri identified defendant as the man who had robbed him. Defendant was then given *Miranda* warnings *(see, Miranda v Arizona,* 384 US 436) and transported to the police station.

Although defendant never confessed to the robbery, he did lead police to a location where they found the manila envelope containing money and Sanseri's wallet. No gun was ever located. Defendant gave a written statement describing how he led police to the fruits of the crime.

Defendant moved to suppress the showup identification of him by the victim, the fruits of the crime, and his statement, on the ground that his arrest was illegal. He also moved to suppress the victim's identification of him on the ground that the showup procedure was unduly suggestive. Following a combined *Wade-Huntley* hearing *(see, United States v Wade,* 388 US 218; *People v Huntley,* 15 NY2d 72), the suppression court held that defendant was arrested when he was handcuffed at gunpoint and placed in the police vehicle. The court further held that the police had probable cause to arrest defendant at that time. Finally, the suppression court held that the showup was not unduly suggestive. Following a jury trial, defendant was convicted of robbery in the first degree.

We conclude that defendant's arrest was not based upon probable cause. Defendant was observed by Officer Munson over an hour after the crime occurred and over four miles from the scene *(cf., People v Quarles,* 187 AD2d 200, *lv denied* 81 NY2d 1018). Although defendant fit the victim's description, the description was hardly specific enough to justify an arrest *(see, People v Carter,* 163 AD2d 320, *lv denied* 76 NY2d 938; *People v Riddick,* 110 AD2d 787). We conclude that Officer Munson's observations, coupled with defendant's flight upon observing the police car, gave Officer Munson reasonable suspicion that defendant might have been involved in the robbery. That entitled Officer Munson to pursue defendant and to detain him forcibly *(see, People v Matienzo,* 81 NY2d 778; *People v Martinez,* 80 NY2d 444, 448), but did not justify a full-blown arrest. Consequently, the showup identification of defendant by the victim must be suppressed as the fruit of the illegal arrest *(see, People v Simpson,* 174 AD2d 348, 351). Because there is no evidence of attenuation, evidence that defendant took the police to retrieve the fruits of the crime and his statement must likewise be suppressed *(see, People v Johnson,* 66 NY2d 398, 407).

There is another ground for the suppression of evidence concerning the showup identification. A procedure whereby the victim observes defendant in handcuffs, standing between two police officers, presses "judicial tolerance to its limits" *(People v Duuvon,* 77 NY2d 541, 545). Suggestive procedures

such as this one are tolerated only if conducted very soon after the crime in proximity to the crime scene *(see, People v Duuvon, supra,* at 544 [showup conducted three or four minutes after the crime and "literally around the corner from the arrest scene"]). The "emphasis must be upon the prompt and immediate nature of an identification after the crime has been committed" *(People v Johnson,* 81 NY2d 828, 831). Here, over an hour intervened between the crime and the showup. Moreover, the victim was transported to the scene of the arrest, which was over four miles from the crime scene *(see, People v Johnson, supra).* The exigent circumstances that justify the use of a suggestive showup were not present.

The victim may make an in-court identification of defendant if the victim can demonstrate an independent basis for that identification. Because the victim did not testify at the *Wade* hearing, there is no evidence upon which this Court can base such a determination. Consequently, defendant is entitled to a reversal and a de novo *Wade* hearing on the issue of the victim's independent basis *(see, People v Burts,* 78 NY2d 20, 23; *People v Riley,* 70 NY2d 523; *People v Dodt,* 61 NY2d 408).

We reject defendant's arguments concerning the court's charge on reasonable doubt, the display of a weapon, and the affirmative defense to robbery in the first degree. We further conclude that defendant was properly sentenced as a second felony offender. In light of our conclusion that defendant is entitled to a new trial, his argument that he was not present for the *Sandoval* hearing *(see, People v Sandoval,* 34 NY2d 371) is irrelevant. (Appeal from Judgment of Supreme Court, Monroe County, Sirkin, J., trial; Doyle, J., suppression hearing —Robbery, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Doerr and Davis, JJ.