OPINION OF THE COURT
Gary W. Rood, J.
The prosecution served upon the defendant its notice of its intention to offer at trial testimony regarding an identification of the defendant pursuant to CPL 710.30 (1). As was disclosed during the course of pretrial motions and the argument thereof, the identification testimony concerns two showup identifications of the defendant, one by the complainant and one by another witness, both occurring in the parking lot of the bar where the alleged criminal activity on the part of the defendant took place. Both showup identification procedures took place within approximately 20 minutes after the arresting Deputy Sheriff arrived at the scene in response to a radio call. The defendant moved to suppress this identification testimony. While the People oppose such suppression, the People did not oppose a Wade hearing and one was ordered and subsequently held.
The first issue presented is whether this court may consider suppression of such identification testimony, based upon the proof presented at a Wade hearing, upon the ground that the detention of the defendant, during which the showup identifi *194 cation procedure occurred, was unlawful, even though such a ground for suppression was not specifically advanced by the defendant in his motion papers nor was the issue of the defendant’s improper or unlawful detention and/or arrest specifically raised in the defendant’s motion papers.
When a suppression motion is made before trial, a defendant’s motion papers must be in writing, state the legal ground of the motion and contain sworn allegations of fact made by the defendant or another person supporting that ground. (CPL 710.60 [1].) The factual allegations may be based on personal knowledge or on information and belief, so long as the sources of the information and grounds for belief are stated. (CPL 710.60 [1].) The motion may be summarily denied if the defendant does not allege a proper legal basis for suppression or, with the exception of motions to suppress statements as involuntarily made (Huntley) or an identification stemming from an improper procedure (Wade), if the sworn allegations of fact do not, as a matter of law, support the ground alleged. (CPL 710.60 [3] [b].) As the defendant here seeks to suppress two showup identifications of the defendant, it is not necessary for the defendant’s grounds for suppression be supported by sworn allegations of fact. However, the statute still requires that the defendant’s motion papers state the legal ground upon which the defendant seeks such suppression. (CPL 710.60 [3] [a].)
In the defendant’s notice of motion, one of the specified items of relief sought was "An Order, pursuant to Article 710 of the CPL, and the Constitution of New York State and of the United States, suppressing testimony identifying the Defendant as the person who committed the crime.” In her supporting affirmation, the Assistant Public Defender stated "Your deponent requests an Order, pursuant to CPL § 710.70 (1), suppressing any testimony concerning out-of-court identification and potential in-court identification testimony on the ground that the identification procedures relied on in this case were unduly suggestive and violated the defendant’s state and federal Constitutional rights.”
In his answering affirmation, the Assistant District Attorney stated that the People opposed the defendant’s motion for suppression of identification testimony but also stated "People do not oppose a Wade hearing on the issue of pre-trial identification.”
This court concludes that although the defendant’s mo *195 tian papers in this proceeding could have been more precisely drafted, they do sufficiently raise a legal basis in challenging the showup identifications of the defendant, especially with the People’s nonspecific "nonopposition” to a Wade hearing "on the issue of pre-trial identification”, to permit this court to consider whether such identification testimony may be suppressed based upon the improper or unlawful detention and/or arrest of the defendant. Further, it is the holding of this court that whenever the proof presented at a Wade hearing calls into question the legality of the detention of a defendant during which a showup identification procedure was conducted, the court must determine whether the detention of the defendant was lawful (see, People v Hicks, 68 NY2d 234, 239, and cases cited therein) regardless of whether a defendant’s motion papers specifically raise this issue. This is true whether the detention purports to be an arrest based upon probable cause (CPL 140.10, 140.15; Dunaway v New York, 442 US 200) or a warrantless stop based upon reasonable suspicion (People v Ingle, 36 NY2d 413, 420; see also, CPL 140.50; People v Cantor, 36 NY2d 106; Terry v Ohio, 392 US 1). The court is not obliged to ignore a violation of a defendant’s constitutional rights based upon a pleading technicality when it is the People who decide, and, therefore, to a great extent control, what testimony and other proof will be presented at a Wade hearing. In the first place, even where a defendant’s motion papers are deficient, the court may, but is not required to, deny a suppression motion. (CPL 710.60 [3]; see, People v Mendoza, 82 NY2d 415, 429.) In the second place, the defendant could cure any deficiency by bringing a further pretrial motion specifically alleging the proper ground for suppression, which the court, in the exercise of its discretion, would be hard pressed not to decide on the merits where it involves a substantial constitutional right of the defendant. (CPL 255.20 [3].) Considerations of judicial economy militate against requiring the defendant to bring such a further motion, especially where, as here, both sides have had full and fair opportunity to be heard on the issue. (People v Mendoza, supra, at 429-430.)
Having resolved the first issue in favor of the defendant, the court must now resolve the second issue presented, i.e., whether the showup identifications of the defendant should be suppressed based upon the improper or unlawful detention and/or arrest of the defendant.
At the Wade hearing held before this court, the only proof *196 offered by the People was the testimony of the arresting Deputy. On direct examination, the following questions were asked by the Assistant District Attorney and the following answers were given by the arresting Deputy:
"Q. After you arrived at 1226 Fairport Road, what did you do with Mr. Cooper?
"A. Based on investigations at the scene, talking to people, we narrowed it down to the people that were involved in the main fight, because the main fight broke out inside. The fight —then there was another fight outside the bar.
"Q. On September 12, 1993, when you were at 1226 Fairport Road did you conduct an identification procedure of any kind in reference to your investigation?
"A. Yes I did, I did. After the investigation, we had the people narrowed down to Todd Cooper and Mr. Pelusio as the people that were involved at first. And Mr. Cooper was in the back of my police car, and we conducted a showup of identification at about 1:30 hours while he was in the back of my police car.”
The court notes that with regard to the above colloquy, the arresting Deputy’s answer to the first question was entirely unresponsive and the Deputy’s answer to the second question was to a great extent unresponsive. Nevertheless, that testimony was elicited by the Assistant District Attorney and, therefore, was a proper subject of cross-examination by the Assistant Public Defender.
During her cross-examination of the arresting Deputy, the Assistant Public Defender pursued questioning of the arresting Deputy regarding the investigation conducted.
In responding to the Assistant Public Defender’s questions, the arresting Deputy repeatedly used the word "we” in discussing the investigation, such as "we got a description that night of a person that hit him” and "we went and spoke to the people that were all standing outside”. The arresting Deputy initially testified he did not recall what the description he received was. The most definite testimony the arresting deputy gave concerning the description of the perpetrator was "I believe it was of the clothing he was wearing. I don’t recall.”
According to the arresting Deputy, this description, which the Deputy could not recall at the hearing, was the basis for the Deputy detaining the defendant and placing the defendant *197 in the back of the Deputy’s police car where the defendant was held while the showup identifications were conducted.
If the defendant was under arrest, for that arrest to be lawful, it must have been based upon probable cause. (Dunaway v New York, supra.) To determine whether the detention of the defendant was an arrest, the court must look to "what a reasonable [person], innocent of any crime, would have thought had he [or she] been in the defendant’s position” (People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851; People v Hicks, supra, at 240).
Here, the defendant was placed in the back of the arresting Deputy’s police car, apparently without being questioned concerning the incident and without any explanation on why he was being detained. It is commonly known that neither the rear doors or rear windows of police cars driven by Monroe County Sheriffs Deputies can be opened from the inside. Therefore, while there was no testimony one way or the other regarding the defendant being handcuffed, the defendant had no way of removing himself from the rear of the police car. According to the arresting Deputy’s testimony, the defendant was left in the rear of the police car for a period of at least 20 minutes during which the showup identifications of the defendant were conducted, which included the pointing of a flashlight into the rear seat of the police car. There was no testimony indicating that the defendant was in any way uncooperative. The arresting Deputy’s numerous references to "we” in his testimony indicates that other police officers were present. Under this scenario, the court finds that a reasonable person, innocent of any crime, could have thought that he or she was under arrest had he or she been in the defendant’s position.
That being the case, was there probable cause to arrest the defendant? Probable cause requires information sufficient to form a reasonable belief that an offense has been, or is being, committed by the suspect. (CPL 140.10; People v Hicks, supra, at 238.)
Here, the only information in the possession of the arresting Deputy was, at best, a description of the defendant’s clothing, which the Deputy could not recall at the hearing. Nothing in the record indicates the extent of this description. This hardly amounts to information sufficient to support a reasonable belief that the defendant committed any offense, let alone the charge here.
*198 However, even if it could be said that the detention of the defendant was not an arrest, the detention was still unlawful. For a warrantless detention to be lawful, it must be based upon reasonable suspicion of criminal activity, i.e., " ' "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion” ’.” (People v Hicks, supra, at 238; People v Ingle, supra, at 420.)
Here, the only fact known to the arresting Deputy was, maybe, a description of the defendant’s clothing, a description the Deputy was unable to articulate at the hearing. This is insufficient to support reasonable suspicion.
Accordingly, all testimony concerning the showup identifications of the defendant must be suppressed.
At the conclusion of the Wade hearing, the Assistant District Attorney informed the court that the People were ready and able to go forward with an "independent basis” hearing, should that be required.
The complainant and other witness who participated in the showup identifications may make in-court identifications of the defendant if they can demonstrate independent bases for such identifications. Therefore, the defendant is entitled to a de nova Wade hearing on the issues of the complainant’s and other witness’ independent bases. (People v Walker, 198 AD2d 826, 828, citing People v Burts, 78 NY2d 20, 23; People v Riley, 70 NY2d 523; People v Dodt, 61 NY2d 408.)
Therefore, it is ordered that all testimony concerning the showup identifications of the defendant be, and hereby is, suppressed; and it is further ordered that the defendant be, and hereby is, granted a further hearing on the issues of the complainant’s and other witness’ independent bases for identification of the defendant, said hearing to take place at such time as is scheduled by the Court Clerk after consulting with counsel regarding their availability.