■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN SULLIVAN, Appellant. [618 NYS2d 916] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered July 29, 1991, convicting him of criminal sale of a controlled substance in the third degree, upon a jury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

We agree with the defendant's contention that he was denied the effective assistance of counsel by the failure of his counsel to challenge, through a Wade hearing, the admissibility of the undercover officer's precinct showup identification made six days after drugs were purchased. Showup identifications are generally suspect and disfavored, and thus are permissible only where they are employed in close spatial and temporal proximity to the commission of the crime (see, People v Duuvon, 77 NY2d 541) or if exigent circumstances require immediate identification (see, People v Riley, 70 NY2d 523). Based on this, it is clear that defense counsel in this case should have requested a Wade hearing to challenge the undercover officer's precinct identification. In addition, counsel failed to properly prepare the defendant's alibi defense by not serving a timely notice of an alibi witness and by not subpoe-

naing witnesses and the hospital records to verify the defendant's medical condition and presence at the hospital on the day of the sale. The omissions of counsel in this case reveal that the representation the defendant received was neither adequate nor meaningful. Bracken, J. P., Miller, Lawrence and Santucci, JJ., concur.