■ In the Matter of VICTOR C., a Person Alleged to be a Juvenile Delinquent, Appellant. [699 NYS2d 679] —Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about December 18, 1998, which adjudicated appellant a juvenile delinquent, upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of burglary in the second degree, and placed him with the Division for Youth for a period of 18 months, unanimously affirmed, without costs.

The court's finding was based on legally sufficient evidence and was not against the weight of the evidence. We see no reason to disturb the court's credibility determinations. Concur—Ellerin, P. J., Nardelli, Williams, Rubin and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [700 NYS2d 122] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered March 5, 1997, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (2 counts), burglary in the second degree (2 counts), and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to a term of 15 years, four terms of 10 years, and a term of 2 to 4 years, all sentences to run concurrently, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The identification procedure was reasonable under the circumstances where the complainant identified defendant at a showup two hours after the robbery, but only minutes after defendant was apprehended, in close proximity to the crime scene (*see, People v McBride*, 242 AD2d 482, *lv denied* 91 NY2d 876). We find that the circumstances of the showup were not unduly suggestive (*see, People v Duuvon*, 77 NY2d 541). In any event, were we to find that the showup and in-court identifications by the complainant were inadmissible, we would find the error to be harmless beyond a reasonable doubt in light of the overwhelming independent evidence of defendant's guilt. Concur—Ellerin, P. J., Nardelli, Williams, Rubin and Andrias, JJ.