FOURTH DEPARTMENT, NOVEMBER, 2006

(November 17, 2006)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLTON WILLIAMS, Appellant. [826 NYS2d 532]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered November 3, 2004. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, rape in the third degree, sexual abuse in the first degree, criminal possession of a controlled substance in the seventh degree and criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed as a matter of discretion in the interest of justice and on the law and the matter is remitted to Niagara County Court for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). We agree with defendant that he is entitled to a *Wade* hearing and a new trial (*see generally People v Dodt,* 61 NY2d 408, 417 [1984]). Here, the People disclosed to defendant in their CPL 710.30 notice that the victim was shown a photo array on one occasion and failed to identify defendant in that array, and County Court refused to conduct a pretrial *Wade* hearing. At trial, however, the victim testified that she was shown a photo array a second time and, after she failed to identify defendant in that array, a detective informed her which photograph was that of defendant. The victim identi-

fied defendant as the perpetrator at trial. Because the People failed to disclose the detective's identification of defendant to the victim in their CPL 710.30 notice, defendant was denied the opportunity, before trial, to test the admissibility of the victim's identification testimony (*see generally People v Gee*, 99 NY2d 158, 161 [2002], *rearg denied* 99 NY2d 652 [2003]). "The main concern motivating [CPL 710.30] was the possibility, recognized in three [United States] Supreme Court decisions, that pretrial identification procedures could be so suggestive or misleading as to compromise a defendant's constitutional right to due process of law. The danger sought to be avoided is, and always has been, the risk of convicting the innocent through tainted identification procedures" (*id.* at 161-162). It cannot be gainsaid that the act of the detective in informing the victim which photograph in the array was that of defendant constitutes a tainted identification procedure. We reach this issue as a matter of discretion in the interest of justice despite defendant's failure to seek a midtrial *Wade* hearing following the victim's testimony regarding the second photo array, particularly in view of the fact that defendant sought a pretrial *Wade* hearing (*see People v Rahming*, 26 NY2d 411, 417 [1970]), and we conclude that defendant is "entitled to a hearing concerning whether the improper [conduct of the detective] 'affect[ed] the reliability of the [victim's] in-court identification and render[ed] it inadmissible' " (*Dodt*, 61 NY2d at 417).

Defendant waived his contention that the conviction is not supported by legally sufficient evidence (*see People v Payne*, 3 NY3d 266, 273 [2004], *rearg denied* 3 NY3d 767 [2004]; *People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]; *People v Adamus*, 31 AD3d 1210 [2006]), and we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We have reviewed defendant's remaining contentions and conclude that they are without merit.

We therefore reverse the judgment and remit the matter to County Court for a *Wade* hearing and a new trial on counts one, two, four, six and seven of the indictment, if the People are so advised (*see People v Burts*, 78 NY2d 20, 22 [1991]). Present— Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.