■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALI HILL, Appellant. [860 NYS2d 780]—

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered April 26, 2006. The judgment convicted defendant, upon a jury verdict, of grand larceny in the third degree and scheme to defraud in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress pretrial identification evidence is granted and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the third degree (Penal Law § 155.35) and scheme to defraud in the first degree (§ 190.65 [1] [b]). We agree with defendant that Supreme Court erred in refusing to suppress the pretrial identifications of defendant. The witnesses identified defendant from photo arrays that were compiled using a photograph of defendant taken after an illegal arrest, and thus those identifications should have been suppressed as the fruit of the illegal arrest (*see People v Dodt*, 61 NY2d 408, 417 [1984]; *People v Walker*, 198 AD2d 826, 827 [1993]; *People v Simpson*, 174 AD2d 348, 351 [1991]; *see generally United States v Crews*, 445 US 463, 472-473 [1980]). Because none of the witnesses testified at the *Wade* hearing, the People did not establish that each witness had an independent basis for his or her in-court identification of defendant (*see Walker*, 198 AD2d at 828; *cf. People v Pleasant*, 54 NY2d 972, 973-974 [1981], *cert denied* 455 US 924 [1982]). We therefore conclude that defendant is entitled to a new *Wade* hearing on the issue whether the witnesses have an independent basis for

their in-court identification of defendant (*see Walker*, 198 AD2d at 828; *see generally People v Burts*, 78 NY2d 20, 23-25 [1991]; *People v Dubinsky*, 289 AD2d 415, 417 [2001]). Thus, we reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress pretrial identification evidence and remit the matter to Supreme Court for a new *Wade* hearing on that issue and a new trial on counts one and three of the indictment, if the People are so advised (*see Burts*, 78 NY2d at 22; *People v Williams*, 34 AD3d 1180, 1181 [2006]).

We reject the further contention of defendant that the court erred in refusing to suppress his statements to the police as the fruit of an illegal arrest. Those statements were made in response to investigatory questioning by the police before defendant was arrested (*see generally People v Sachs*, 15 AD3d 1005, 1006-1007 [2005], *lv denied* 5 NY3d 768 [2005]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his fraudulent intent for scheme to defraud (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention is without merit (*see People v Bastian*, 294 AD2d 882, 883 [2002], *lv denied* 98 NY2d 694 [2002]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In light of our determination, we do not reach defendant's remaining contentions. Present—Centra, J.P., Lunn, Fahey, Peradotto and Gorski, JJ.