■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY K. BLUNT, Appellant. [897 NYS2d 323]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 6, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, burglary in the second degree and criminal possession of a controlled substance in the seventh degree.

It is hereby ordered that the judgment so appealed from is unanimously reversed on the law, that part of the motion seeking to suppress showup identification testimony is granted and the matter is remitted to Monroe County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him, following a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]), burglary in the second degree (§ 140.25 [1] [d]) and criminal possession of a controlled substance in the seventh degree (§ 220.03), defendant contends that County Court erred in denying that part of his omnibus motion seeking to suppress showup identification testimony. We agree. Here, the evidence adduced at the *Wade* hearing established that the incident occurred at approximately 7:25 A.M. and that the showup was conducted at approximately 9:30 P.M., several miles away from the scene of the incident and after defendant had been placed under arrest and drugs were found on his possession.

It is well settled that showup identifications are generally disfavored because they are inherently suggestive by nature, but they nevertheless are not "presumptively infirm" (*People v Duuvon*, 77 NY2d 541, 543 [1991]; *see People v Ortiz*, 90 NY2d 533, 537 [1997]). Showup identifications must be conducted "prompt[ly]" following the defendant's arrest and they must occur "at or near the crime scene" (*Duuvon*, 77 NY2d at 544). In determining whether the showup identification is conducted in adequate temporal and geographic proximity to the crime, courts must consider the specific facts and circumstances of each case (*see id.* at 543; *see also People v Johnson*, 81 NY2d 828, 831 [1993]). Here, we conclude that the showup was in fact infirm, in view of the facts and circumstances of this case. Because the witness who identified defendant at the showup identification procedure did not testify at the *Wade* hearing, "the People did not establish that [the] witness had an independent basis for [his] in-court identification of defendant" (*People v Hill*, 53 AD3d 1151, 1151 [2008]), and "there is no evidence upon which this Court can base such a determination" (*People v*

*Walker,* 198 AD2d 826, 828 [1993]). Defendant therefore is entitled to a new *Wade* hearing on that issue (*see Hill,* 53 AD3d 1151 [2008]; *Walker,* 198 AD2d at 828; *see generally People v Burts,* 78 NY2d 20, 23 [1991]). We therefore reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress showup identification testimony and remit the matter to County Court for a new *Wade* hearing on the issue whether the witness has an independent basis for his in-court identification of defendant and a new trial on counts one, two and three of the indictment, if the People are so advised.

We have reviewed defendant's remaining contentions and conclude they are without merit. Present—Smith, J.P., Peradotto, Carni, Pine and Gorski, JJ.