■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL ROBINSON, Appellant. [942 NYS2d 888]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 25, 2008, convicting him of burglary in the first degree, attempted robbery in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing of those branches of the defendant's omnibus motion which were to suppress identification evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied those branches of his omnibus motion which were to suppress identification evidence and his statements to law enforcement officials. The evidence at the suppression hearing warranted the Supreme Court's inference that the police officers who initiated the pursuit of the defendant had reasonable suspicion to detain him based on the information that they had received minutes earlier from a radio transmission and the defendant's location in a residential back yard several yards away from the crime scene (*see People v Gonzalez*, 91 NY2d 909, 910 [1998]; *People v Coleman*, 62 AD3d 810, 810-811 [2009]; *People v Sabeno*, 223 AD2d 512, 512-513 [1996]).

Contrary to the defendant's contention, the Supreme Court also properly denied that branch of his omnibus motion which was to suppress three showup identifications. Although showups

are inherently suggestive and thus generally disfavored (*see People v Johnson*, 81 NY2d 828, 831 [1993]; *People v Riley*, 70 NY2d 523, 529 [1987]), showups have been upheld where, as here, they are conducted in reasonably close temporal and physical proximity to the crime scene (*see People v Duuvon*, 77 NY2d 541, 544 [1991]). In this instance, the showup identifications occurred at the residence where the crimes took place within minutes of their occurrence and were not unduly suggestive under the circumstances (*id.* at 544).

The defendant's remaining contentions raised in his pro se supplemental brief regarding the prosecutor's summation are unpreserved for appellate review (*see People v Stewart*, 89 AD3d 1044, 1045 [2011]; *People v West*, 86 AD3d 583, 584 [2011]). In any event, those contentions, as well as his remaining contentions, either are without merit or do not warrant reversal. Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.