# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

757
KA 10-00178
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

MARQUIS STANLEY, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 24, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts by reversing that part convicting defendant of reckless endangerment in the first degree under count two of the indictment and dismissing that count, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and reckless endangerment in the first degree (§ 120.25). Contrary to defendant's contention, the second showup identification procedure was "not so unnecessarily suggestive as to create a substantial likelihood of misidentification" (*People v Duuvon*, 77 NY2d 541, 545 [internal quotation marks omitted]). That identification procedure occurred within an hour of the crime and " 'at or near' " the intersection where defendant was observed shooting a handgun (*People v Blunt*, 71 AD3d 1380, 1381, quoting *Duuvon*, 77 NY2d at 544; *see People v Clark*, 262 AD2d 1051, 1051, *lv denied* 93 NY2d 1016). Moreover, the fact that defendant was placed in handcuffs and positioned between officers on a sidewalk did not render the identification procedure unduly suggestive (*see People v Siler*, 45 AD3d 1403, 1403, *lv denied* 10 NY3d 771; *People v Ponder*, 19 AD3d 1041, 1043, *lv denied* 5 NY3d 809; *People v Cortez*, 221 AD2d 255, 256). We reject defendant's related contention that the verdict with respect to the crime of criminal possession of a weapon in the second degree is against the weight of the evidence owing to the People's failure to prove beyond a reasonable doubt that he was the individual who possessed the handgun. Viewing the evidence in light of the elements

of the crime of criminal possession of a weapon in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence with respect to that crime (*see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's contention that he was deprived of effective assistance of counsel because defense counsel failed to request a jury instruction with respect to eyewitness identification testimony or to call an expert witness to testify on that subject. We conclude that defendant has not demonstrated "the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712 [internal quotation marks omitted]). Viewing the evidence, the law and the circumstances of this case, in totality and as of the time of the representation, we further conclude that defendant received meaningful representation (*see People v Baldi*, 54 NY2d 137, 147).

Defendant failed to preserve for our review his contention that he was denied a fair trial based on prosecutorial misconduct on summation (*see People v Young*, 100 AD3d 1427, 1428, *lv denied* 20 NY3d 1105; *see also* CPL 470.05 [2]). In any event, "[t]he majority of the comments in question were within the broad bounds of rhetorical comment permissible during summations . . . , and they were either a fair response to defense counsel's summation or fair comment on the evidence . . . Even assuming, arguendo, that some of the prosecutor's comments were beyond those bounds, we conclude that they were not so egregious as to deprive defendant of a fair trial" (*People v McEathron*, 86 AD3d 915, 916, *lv denied* 19 NY3d 975 [internal quotation marks omitted]).

We agree with defendant, however, that the verdict with respect to reckless endangerment in the first degree is against the weight of the evidence. "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct [that] creates a grave risk of death to another person" (Penal Law § 120.25). The evidence at trial established only that defendant stood on a street corner and fired up to five shots from a handgun. The People "presented no evidence that any person . . . 'was in or near the line of fire' " so as to create a grave risk of death to any such person (*People v Scott*, 70 AD3d 978, 979, *lv denied* 15 NY3d 778, 809; *see also People v Payne*, 71 AD3d 1289, 1291, *lv denied* 15 NY3d 777; *cf. generally People v Summerville*, 22 AD3d 692, 692, *lv denied* 6 NY3d 759; *see generally People v Feingold*, 7 NY3d 288, 294; *People v Suarez*, 6 NY3d 202, 214). Consequently, we modify the judgment by reversing that part convicting defendant of reckless endangerment in the first degree and dismissing that count of the indictment. In light of our determination with respect to that count of the indictment, we need not consider defendant's remaining contention regarding that count. Finally, the sentence is not unduly harsh or

severe.

Entered:  July 5, 2013                         Frances E. Cafarell
                                               Clerk of the Court