# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1343**
**KA 10-00384**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                    MEMORANDUM AND ORDER

CHAZERAE M. BURNICE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AMANDA L. DREHER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered September 14, 2009. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the plea is vacated, that part of the motion seeking to suppress showup identification testimony with respect to defendant is granted and the matter is remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: On appeal from a judgment convicting him, upon a guilty plea, of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in refusing to suppress showup identification testimony with respect to him. We agree. "Showup identifications are disfavored, since they are suggestive by their very nature" (*People v Ortiz*, 90 NY2d 533, 537; *see People v Johnson*, 81 NY2d 828, 831). Here, the showup identification procedure was conducted in the parking lot of a police station, approximately 90 minutes after the occurrence of the crime, while defendant was handcuffed and while uniformed police officers and ambulance personnel were in the parking lot. The totality of the circumstances of this showup identification procedure presses judicial tolerance beyond its limits (*cf. People v Duuvon*, 77 NY2d 541, 545; *People v Hunt*, 277 AD2d 911, 911-912), and we conclude under the facts and circumstances of this case that the showup identification procedure was infirm (*cf. Duuvon*, 77 NY2d at 544).

Inasmuch as the witness who identified defendant at the showup identification procedure did not testify at the *Wade* hearing, the People did not establish that such witness had an independent basis for his in-court identification of defendant (*see People v Hill*, 53 AD3d 1151, 1151). We thus conclude that defendant is entitled to a new *Wade* hearing on that issue (*see id.* at 1151-1152; *see generally*

*People v Burts*, 78 NY2d 20, 22-23). We therefore reverse the judgment and, because the motion was made by defendant and his codefendant, we grant only that part of the motion with respect to defendant and remit the matter to County Court for further proceedings, including a new *Wade* hearing on the issue whether the witness has an independent basis for his in-court identification of defendant, if the People are so advised. In light of our determination, we do not address defendant's remaining contention.

Entered: January 3, 2014            Frances E. Cafarell
                                                    Clerk of the Court