People v Knox (2019 NY Slip Op 02230)





People v Knox


2019 NY Slip Op 02230


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


340 KA 16-01552

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JAMIL A. KNOX, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (A. VINCENT BUZARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMIL A. KNOX, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered July 22, 2016. The judgment convicted defendant, upon a jury verdict, of criminal possession of weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, that part of the omnibus motion seeking to suppress testimony regarding the showup identification of defendant by the noncomplainant witness is granted and the matter is remitted to Supreme Court, Monroe County for further proceedings in accordance with the following memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal possession of a weapon in the second degree (Penal Law § 265.03 [1] [b]; [3]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention in his pro se supplemental brief that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends in his main brief that Supreme Court erred in refusing to suppress certain showup identification testimony with respect to him. We agree. "Showup identifications are disfavored, since they are suggestive by their very nature" (People v Ortiz, 90 NY2d 533, 537 [1997]; see People v Johnson, 81 NY2d 828, 831 [1993]). Such procedures, however, "are not presumptively infirm" (People v Duuvon, 77 NY2d 541, 543 [1991]), but must be shown to be " reasonable under the circumstances—i.e., justified by exigency or temporal and spatial proximity [to the crime]—and, if so, whether the showup as conducted was unduly suggestive' " (People v Cedeno, 27 NY3d 110, 123 [2016], cert denied — US &mdash, 137 S Ct 205 [2016]; see People v Gilford, 16 NY3d 864, 868 [2011]).
In this case, two showup identification procedures were conducted approximately 90 minutes after the crime, about five miles from the scene of the crime. The first showup, which is not at issue on appeal, occurred in the victim's hospital room and resulted in the victim identifying defendant as the person who shot him. The second showup—i.e., the one challenged on appeal—occurred in the hospital parking lot shortly after the first showup. During the second showup procedure, the noncomplainant witness to the shooting identified defendant as the shooter. We conclude that, "[g]iven the identification made by the victim" during the first showup, the noncomplainant witness's identification conducted far from the scene of the crime "is not rendered tolerable in the interest of prompt identification" (People v Seegars, 172 AD2d 183, 186 [1st Dept 1991], appeal dismissed 78 NY2d 1069 [1991]). The identification was also unjustified insofar as the noncomplainant witness was not present at the hospital as a victim (cf. People v Blanche, 90 NY2d 821, 822 [1997]; People v Rivera, 22 NY2d 453, 455 [1968], cert denied 395 US 964 [1969]). The People have proffered no reason that a lineup identification [*2]procedure would have been unduly burdensome under the circumstances (see Seegars, 172 AD2d at 186-187). Absent any exigency or spatial proximity to the crime scene, and given that the showup occurred "approximately 90 minutes after the occurrence of the crime, while defendant was handcuffed and" flanked by police, we conclude that, under the totality of the circumstances, the second "showup identification procedure was infirm" (People v Burnice, 113 AD3d 1115, 1115 [4th Dept 2014]). We further conclude that this error was not harmless, particularly because the victim could not identify his assailant at trial.
Inasmuch as the witness who identified defendant in the second showup procedure did not testify at the Wade hearing, "the People did not establish that [he] had an independent basis for [his] in-court identification of defendant" (People v Hill, 53 AD3d 1151, 1151 [4th Dept 2008]), and "there is no evidence upon which this Court can base such a determination" (People v Walker, 198 AD2d 826, 828 [4th Dept 1993]). We therefore conclude that defendant is entitled to a new Wade hearing on that issue (see People v Blunt, 71 AD3d 1380, 1382 [4th Dept 2010]). Thus, we reverse the judgment, grant that part of defendant's omnibus motion seeking to suppress the showup identification testimony of the noncomplainant witness, and remit the matter to Supreme Court for a new Wade hearing on the issue of whether that witness had an independent basis for his in-court identification of defendant, and a new trial on counts one and two of the indictment, if the People are so advised.
We have considered the remaining contentions in defendant's pro se supplemental brief, and we conclude that they are either unpreserved or without merit.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court