■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MIGUEL BOLIVAR RUFINO, Also Known as MIGUEL RUFINO, Appellant. [603 NYS2d 143] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered February 13, 1991, convicting defendant, after jury trial, of 11 counts of robbery in the first degree, six counts of robbery in the second degree, one count of attempted robbery in the first degree, two counts of sexual abuse in the first degree, and two counts of criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of 83⅓ to 247 years (deemed by statute to be 25 to 50 years), unanimously affirmed.

Crediting, as did the hearing court, police testimony at the pretrial suppression hearing, we find the hearing court properly denied defendant's motions for suppression of his statements, voluntarily made following proper administration and waiver of the *Miranda* rights. The hearing court also properly denied defendant's motion for suppression of identification testimony. The prompt, on-the-scene showup procedure was appropriate in the circumstances and was not rendered unduly suggestive by the fact that defendant was handcuffed behind his back when he was viewed by his accusor *(People v Duuvon,* 77 NY2d 541, 544). Examination of the lineup photographs supports the hearing court's findings that the fillers in each lineup were appropriately similar in appearance to defendant so that there was no substantial likelihood that defendant would be singled out *(People v Chipp,* 75 NY2d 327, 336, *cert denied* 498 US 833). A voice identification was necessitated by the fact that the perpetrator had been masked during some of the acts. Each participant in the lineups spoke an identical phrase as requested by individual viewers. Nothing in that procedure was unduly suggestive with respect to defendant.

The trial court appropriately exercised its discretion in denying defendant's midtrial application to reopen the *Wade* hearing, on the ground that defendant had adequate notice of the lineup voice identification procedure to permit full exploration of the issue through cross-examination of the People's witnesses at the hearing *(People v Gagne,* 129 AD2d 808, 810, *lv denied* 70 NY2d 704). In any event, we note that defendant's trial counsel cross-examined the police witnesses extensively at trial regarding the lineup procedures, including the voice identification aspect thereof, and although two of the complainants indicated at trial that defendant's voice contributed to their identification of him, each testified that she had

also recognized certain of defendant's physical characteristics before making the identification at the respective lineup. Additionally, a review of defendant's videotaped statement reveals no discernible accent, and the trial court, in a unique position to determine whether some noticeable speech characteristic might have called undue attention to defendant during the lineup voice identification procedure, made no such determination.

The trial court properly denied defendant's motion for disqualification of the trial assistant on the ground that the assistant's participation in obtaining defendant's videotaped confession rendered the assistant "an unsworn witness", as defendant made no initial showing that the prosecutor's prior investigative or prosecutorial conduct would be a material issue at the trial *(People v Paperno,* 54 NY2d 294, 296). Nor is there any indication in the record of "a substantial likelihood that prejudice resulted from the prosecutor's participation in the trial" *(supra,* at 296).

We have considered defendant's additional arguments and find them to be either unpreserved or without merit. Concur—Murphy, P. J., Sullivan, Kupferman, Asch and Kassal, JJ.