■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANTIAGO MENESE, Appellant. [619 NYS2d 28] —Judgment, Supreme Court, Bronx County (Robert Cohen, J.), rendered April 13, 1993, convicting defendant, after a jury trial, of attempted murder in the second degree and attempted robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 to 20 years and 6 to 12 years, respectively, unanimously affirmed.

Defendant's claim regarding the alleged illegality of his detention pending the showup to the victim minutes after the crime is not preserved for review as a matter of law, and defendant may not rely on evidence from the trial to support this suppression claim (People v Martinez, 203 AD2d 212, 213). In any event, defendant's brief detention and transportation to the victim three blocks away shortly after the crime was an investigatory stop and not an arrest (People v Hicks, 68 NY2d 234, 240). We find the identification procedure was not suggestive (People v Rufino, 198 AD2d 7, 8, lv denied 82 NY2d 930).

Viewing the evidence in the light most favorable to the

People and giving them the benefit of every reasonable inference, defendant's intent to kill the victim was proven beyond a reasonable doubt by legally sufficient evidence *(People v Smith,* 79 NY2d 309, 314-315). Indeed, the evidence included, *inter alia,* the complainant's testimony that after he thwarted the attempt by defendant's accomplice to search his pocket, defendant hit him with a gun similar to the one recovered, and shot him immediately after his accomplice yelled "shoot that guy," as the complainant fled.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross and Williams, JJ.