■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY CORTEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY LEE, Appellant. [634 NYS2d 68] —Judgments, Supreme Court, New York County (Carol Berk-

man, J.), rendered on November 10, 1992, convicting defendants of manslaughter in the first degree, two counts of assault in the first degree and criminal use of a firearm in the first degree and sentencing each to concurrent terms of $8^1/_3$ to 25 years and $12^1/_2$ to 25 years on the manslaughter and criminal use of a firearm convictions, respectively, and two terms of 5 to 15 years on the assault convictions to be served consecutive to each other and to the other convictions, unanimously affirmed.

On the evening of August 8, 1991, defendants approached the front of a restaurant and, without warning, pulled out guns and opened fire, killing one person and seriously injuring two others. Although defendants then fled the scene, they were apprehended shortly thereafter. Indeed, since there were many persons in the area at the time, and defendants were observed during much of the time before and after the crime, including during their disposal of the weapons, the evidence at trial overwhelmingly established each defendant's participation in the shootings.

Although showups are, by their very nature, suggestive and, therefore, disfavored (*People v Duuvon*, 77 NY2d 541, 543; *People v Riley*, 70 NY2d 523, 529), such identifications are permissible "if the suspects are captured at or near the crime scene and can be viewed by the witness immediately" (*People v Riley, supra*, at 529). Thus, "at-the-crime-scene civilian showup identifications are not presumptively infirm" (*People v Duuvon, supra*, at 543). In the situation herein, the showup took place shortly after the crime and at the site of its commission. Despite the fact that the victim was bleeding and being treated for his wound, he was alert when each defendant was escorted into the back of the ambulance for viewing. Such a prompt, at-the-scene showup procedure is not rendered unduly suggestive simply because the defendant was handcuffed when he was viewed by the witness (*People v Duuvon, supra*, at 545; *People v Rufino*, 198 AD2d 7, *lv denied* 82 NY2d 930). Consequently, the court properly denied the defense motions to suppress the identifications.

To the extent defendants claim that the *Allen* charge skewed the burden of proof by requiring a juror to explain his views (*People v Antommarchi*, 80 NY2d 247), defendants failed to except to this portion of the charge. Thus, their claim is unpreserved and we decline to review it in the interest of justice.

In addition, there is no indication that the two crime scene photographs of the deceased were introduced solely for the purpose of arousing the emotions of the jury and to prejudice defendants (*People v Pobliner*, 32 NY2d 356, 370, *cert denied*

416 US 905). Such evidence, if relevant to an issue at trial, is admissible in the discretion of the trial court (*supra*, at 369; *People v Stevens*, 76 NY2d 833, 835).

We have considered defendants' remaining arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ross, Williams and Tom, JJ.