■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ESPALA, Appellant. [637 NYS2d 366] —Judgment, Supreme Court, New York County (James Leff, J.), rendered October 14, 1993, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, attempted robbery in the first and second degrees, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 5 to 15 years, 5 to 15 years, 2 to 6 years, and 5 to 15 years, respectively, unanimously affirmed.

Defendant's motions to suppress identification and physical evidence were properly denied. Of defendant's present claims regarding undue suggestiveness in the conduct of the showup identification, only that based upon the fact he was handcuffed at the time of the identification was raised before the hearing court and thus, the remaining contentions are unpreserved (CPL 470.05 [2]). In any event, under the circumstances, the

showup identification procedure did not create a substantial likelihood that defendant would be misidentified. That defendant was seen handcuffed and standing close to police officers did not render the showup infirm, given the temporal and spatial proximity of the showup to the crimes (*see, People v Bitz*, 209 AD2d 709, *lv denied* 85 NY2d 859). Defendant's arrest did not make the subsequent showup unnecessary (*see, People v Duuvon*, 77 NY2d 541). Showup identifications are permissible if the suspects are captured at or near the crime and can be viewed promptly by the witnesses (*see, People v Riley*, 70 NY2d 523; *People v Cortez*, 221 AD2d 255, 256).

The seizure of defendant's person and the weapon was lawful. The police officers heard gunshots and observed defendant jump in a car, pointed out by onlookers, which car then ran a red light and swerved into the opposing lane of traffic. This gave rise to reasonable suspicion to stop the car and detain defendant and the driver (*see, People v Blackwell*, 206 AD2d 300, *appeal dismissed* 85 NY2d 851). Under these circumstances, the action of the police officer in reaching under defendant's seat, as defendant was still seated in the car, did not rise to the level of an unreasonable intrusion. It was a lawful search based on the reasonable belief that defendant was armed and posed a threat to the police officers' safety (*see, People v Jackson*, 79 NY2d 907; *People v Harris*, 160 AD2d 515, *lv denied* 76 NY2d 789). Concur—Sullivan, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.