■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON ROJAS, Appellant. [664 NYS2d 807] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered November 22, 1995, convicting him of criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in denying his request to suppress physical evidence. The hearing testimony established that the police fol-

lowed the defendant's vehicle after witnessing the aftermath of a shooting in which they reasonably suspected that the occupants of the defendant's vehicle had been involved. The officers also observed the defendant's vehicle repeatedly violate various provisions of the Vehicle and Traffic Law. Given these circumstances, the record amply supports the hearing court's determination that the stop of the defendant's vehicle was lawful and justified (*see, e.g., People v Espala,* 223 AD2d 461; *People v Wallace,* 153 AD2d 59; *see also, People v Ellis,* 62 NY2d 393). Similarly, the brief detention and transportation of the defendant to the nearby crime scene for possible identification was reasonable and warranted under the circumstances (*see, People v Duuvon,* 77 NY2d 541; *People v Hicks,* 68 NY2d 234). Furthermore, the identification of the defendant as a participant in the shooting provided probable cause for his arrest, and the subsequent search of the vehicle at the police station, which resulted in the discovery of a secret compartment containing guns, was proper (*see, People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49).

The defendant's sentence is neither harsh nor excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. O'Brien, J. P., Thompson, Sullivan and McGinity, JJ., concur.