■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO CAMPO, Appellant. [690 NYS2d 126] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 30, 1996, convicting him of criminal possession of a weapon in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the Supreme Court did not err in denying his request to suppress physical evidence. The hearing testimony established that a police officer followed a vehicle in which the defendant was a passenger after witnessing the aftermath of a shooting in which the officer reasonably suspected that the occupants of the vehicle had been involved. The officer also observed the vehicle repeatedly violate various provisions of the Vehicle and Traffic Law. As we previously determined in the codefendant's appeal (*see,*

*People v Rojas,* 244 AD2d 512), given these circumstances, the record amply supports the hearing court's determination that the stop of the vehicle was lawful and justified (*see, People v Espala,* 223 AD2d 461; *People v Wallace,* 153 AD2d 59; *see also, People v Ellis,* 62 NY2d 393).

The brief detention and transportation of the defendant, along with the driver and another passenger in the vehicle, to the nearby crime scene for possible identification was reasonable and warranted under the circumstances (*see, People v Duuvon,* 77 NY2d 541; *People v Hicks,* 68 NY2d 234). After the driver of the vehicle was identified by a witness at the crime scene, the police had probable cause to arrest the defendant as a participant in the crime, and the subsequent search of the vehicle at the police station was proper (*see, People v Blasich,* 73 NY2d 673; *People v Belton,* 55 NY2d 49; *People v Rojas, supra*). The court properly denied the defendant's motion to suppress evidence of the guns which were discovered in a secret compartment in the vehicle.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Friedmann, H. Miller and Smith, JJ., concur.