■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR ROBERSON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of criminal possession of a weapon in the third degree. The conviction arose out of an incident that occurred when the police stopped the vehicle in which defendant was a passenger and found a loaded pistol and revolver therein. We reject defendant's contention that the suppression court improperly precluded him from inquiring about the reliability of the information supplied to the police by an unnamed citizen informant.

The only witness to testify at the suppression hearing was one of the arresting officers. He related that, shortly before midnight on October 18, 1990, he and his partner were investigating a shooting outside a City of Buffalo residence. They learned from an eyewitness that three men in a gray four-wheel drive vehicle had pulled up outside the house. A man, known to the eyewitness as "Jazzie", stepped out of the vehicle and fired at the house. About 4:00 A.M., the officers asked an unidentified informant if he knew a person named "Jazzie". The informant advised them that Omar Roberson was known as "Jazzie". As this conversation was taking place, a gray Suzuki Samurai passed by and the informant identified "Jazzie" as one of the men in that vehicle. The officers pursued it, pulled it over and approached it with guns drawn. The occupants were directed to put their hands up. The

defendant, who was a passenger in the front seat, started to exit the vehicle. When the door was opened, the officer saw the butt of a gun sticking up between the passenger seat and the door. The defendant got out of the vehicle, shut the door, raised his hands and said, "I didn't do anything. I don't have a gun. Don't shoot me. I don't have anything". He then ran away.

Since the confrontation between the police and the defendant was an arrest at its inception *(People v Brnja,* 50 NY2d 366, 371-372), it must be supported by probable cause. Probable cause may be supplied, in whole or part, through hearsay information *(People v Bigelow,* 66 NY2d 417, 423). When the informant is an identifiable citizen having knowledge of the fact, the People need not make the independent showing of reliability and basis of knowledge required when the informant is anonymous *(People v Hicks,* 38 NY2d 90, 93-94; *People v Battest,* 168 AD2d 958, 959, *lv denied* 77 NY2d 958; *People v LeGrand,* 142 AD2d 977, *lv denied* 73 NY2d 893).

In our view, the police had probable cause to arrest defendant. Furthermore, defendant has no absolute right to disclosure of the identity of an informant *(see, People v Crawford,* 162 AD2d 1028, 1029, *lv denied* 76 NY2d 854) and, since defendant failed to allege any prejudice by this nondisclosure, we conclude that the court did not abuse its discretion in refusing to disclose the informant's identity at the suppression hearing *(see, People v Huggins,* 36 NY2d 827, 828; *People v Goggins,* 34 NY2d 163, *cert denied* 419 US 1012).

In view of defendant's extensive prior record and the serious nature of the convictions, the court did not abuse its discretion in imposing the maximum sentence. (Appeal from Judgment of Erie County Court, D'Amico, J.—Criminal Possession of a Weapon, 3rd Degree.) Present—Callahan, J. P., Green, Pine, Boehm and Doerr, JJ.