■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR RIVERA, Appellant. [620 NYS2d 652] —Judgment unanimously reversed on the law, motion to suppress showup identification granted and matter remitted to Monroe County Court for further proceedings in accordance with the following Memorandum: County Court properly concluded that there was probable cause for defendant's arrest and did not err in denying defendant's motion to suppress physical evidence seized at the time of that arrest. We reject defendant's contention that the descriptive information that the Trooper relied upon to effect the arrest was hearsay information that failed to satisfy the requirements of the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108). It is readily inferable from the suppression hearing evidence that the clerks and customers in the store at the time of the robbery were the source of the Trooper's information; thus, the first prong of the test, the reliability of the informant, was satisfied *(see, People v Parris,* 83 NY2d 342, 349-350). An identified citizen informant is presumed to be

reliable *(see, People v Hetrick,* 80 NY2d 344, 349; *People v Roberson,* 186 AD2d 1014, 1015, *lv denied* 81 NY2d 793). Because the citizen informants were eyewitnesses, the second prong, their basis of knowledge, was also satisfied *(see, People v Roberson, supra).* Therefore, when the Trooper entered the bar and observed defendant, who matched the description of the robber, he had probable cause to make the arrest *(see, People v Roberson, supra; People v Acevedo,* 181 AD2d 596, *lv denied* 79 NY2d 1045; *People v Moczo,* 174 AD2d 365, *lv denied* 78 NY2d 1013).

The People concede that the showup identification, conducted more than two hours after the robbery and at a location some seven miles away from the scene of the robbery, was not timely, but contend that it was warranted by exigent circumstances. Having concluded that there was probable cause to arrest defendant, we further conclude that there were no exigent circumstances here that would justify the untimely showup. Under the circumstances of this case, an appropriately conducted lineup was required *(see, People v Johnson,* 81 NY2d 828; *People v Walker,* 198 AD2d 826, 827-828).

The victims and any other eyewitnesses to the robbery may make an in-court identification of defendant if the People can demonstrate an independent basis for that identification *(see, People v Walker, supra,* at 828). Because the eyewitnesses did not testify at the *Wade* hearing, there is no evidence upon which this Court can base such a determination. Consequently, a de novo *Wade* hearing is required on the issue of the eyewitnesses' independent basis *(see, People v Burts,* 78 NY2d 20, 23; *People v Riley,* 70 NY2d 523; *People v Dodt,* 61 NY2d 408; *People v Walker, supra,* at 828). (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 1st Degree.) Present—Green, J. P., Wesley, Callahan, Doerr and Boehm, JJ.