■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BALLARD, Appellant. [719 NYS2d 267] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 25, 1998, convicting him of burglary in the second degree and unlawful possession of an air pistol or rifle, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress physical evidence is granted, that count of the indictment charging the defendant with unlawful possession of an air pistol or rifle is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

On September 25, 1997, a police officer, responding to what

the People describe as an "anonymous 911 tip," stopped and frisked the defendant. The originator of the anonymous tip had stated that a black male, who was wearing blue jeans and a multicolored sweater, and who was walking on Central Avenue in Queens, was carrying a black plastic bag containing a gun. The People assert that "a 911 call providing information of a man with a gun may * * * support a reasonable suspicion justifying * * * a stop and frisk, when the information provided by the tip, though not specifying any criminal activity, is so specific and congruous with what the officer actually encounters that the officer can reasonably infer the reliability of the information." While there is precedent in New York which could be cited in support of this proposition (*see, People v Olsen,* 93 AD2d 824), such precedent must be reevaluated in light of a recent case decided by the United States Supreme Court (*see, Florida v J.L.,* 529 US 266).

In *Florida v J.L.* (*supra*), the Supreme Court held that a "stop and frisk" was illegal where it was conducted on the basis of an anonymous report that there was a man with a gun at a specified location. This information, according to the court, constituted "the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about [the defendant]" (*Florida v J.L.,* 529 US, *supra*, at 272). While the Supreme Court acknowledged that an anonymous report which included sufficient "indicia of reliability" could serve as the basis for a "stop and frisk," the Supreme Court gave great weight to the fact that the report in *J.L.*, as here, "[did] not show that the tipster ha[d] knowledge of concealed criminal activity" (*Florida v J.L., supra*, at 272). Furthermore, the anonymous report in *J.L.* furnished no "predictive information" concerning the suspect's movements (*Florida v J.L., supra*, at 272). The Supreme Court rejected the State's argument that reasonable suspicion existed "because [the] description of the suspect's visible attributes [reported by the anonymous tipster] proved accurate" (*Florida v J.L., supra*, at 271).

The anonymous report found insufficient to sustain a finding of reasonable suspicion in *Florida v J.L.* (*supra*), as is the case with the report under review, consisted essentially of a reasonably-detailed description of "the visible attributes" of a certain person claimed by an unaccountable informant to be present at a certain place at a certain time, accompanied by the assertion that the person had a gun. This, without more, is not a sufficient basis upon which to stop and frisk a suspect who, as the police later confirm, matches the description (*see, Florida v J.L., supra*).

For these reasons, the defendant's motion to suppress should have been granted. Accordingly, the count of the indictment charging him with unlawful possession of an air pistol or rifle must be dismissed. The matter is remitted to the Supreme Court, Queens County, for further proceedings if the People be so advised (*see, People v Perkins,* 189 AD2d 830), or for dismissal of the remaining count of the indictment. Bracken, Acting P. J., Altman, Krausman and Friedmann, JJ., concur.