■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL FOLK, Appellant. [727 NYS2d 131] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered May 20, 1999, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law, that branch of the defendant's motion which was to suppress physical evidence is granted, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

On July 29, 1998, a police officer, responding to an anonymous tip from a caller to the 911 emergency telephone number, stopped and frisked the defendant. The caller had stated that a black male, who was wearing a dark baseball cap, blue jeans, and a long-sleeved button-down shirt, and who was at the corner of St. Edwards Street and Park Avenue in Brooklyn, was in possession of a gun.

Contrary to the People's contention, the defendant's argument that the tip was insufficient to warrant a stop-and-frisk is preserved for appellate review (see, CPL 470.05 [2]).

In Florida v J. L. (529 US 266), the Supreme Court held that a "stop and frisk" was illegal where it was conducted on the basis of an anonymous report that there was a man with a gun at a specified location. According to the Supreme Court, this information constituted "the bare report of an unknown, unac-

countable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about [the defendant]" (*Florida v J. L., supra*, at 271). The Supreme Court afforded great weight to the fact that the report in *Florida*, as here, "does not show that the tipster has knowledge of concealed criminal activity" (*Florida v J. L., supra*, at 272). However, the Supreme Court acknowledged that an anonymous report which included sufficient "indicia of reliability" could warrant a stop-and-frisk (*Florida v J. L., supra*, at 271).

In *People v Ballard* (279 AD2d 529), this Court, following the precedent set forth in *Florida v J. L.* (*supra*), granted the defendant's motion to suppress, and held that a stop-and-frisk was illegal where it was conducted on the basis of an anonymous tip which provided that a "black male, who was wearing blue jeans and a multicolored sweater, and who was walking on Central Avenue in Queens, was carrying a black plastic bag containing a gun" (*People v Ballard, supra*, at 530). This Court found this tip to be insufficient "indicia of reliability" as it did not demonstrate that the tipster had knowledge of concealed criminal activity (*People v Ballard, supra*).

The anonymous tip found insufficient to sustain a finding of reasonable suspicion in *Florida v J. L.* (*supra*) and *People v Ballard* (*supra*), as is the case with the tip under review, consisted of a detailed description of the physical, visible characteristics of an individual claimed by "an unaccountable informant to be present at a certain place at a certain time, accompanied by the assertion that the person had a gun" (*People v Ballard, supra*, at 530). This, without more, is an insufficient basis upon which to stop and frisk a suspect who matches the description.

Accordingly, that branch of the defendant's motion which was to suppress physical evidence should have been granted, the judgment of conviction reversed, and the indictment dismissed.

In light of our determination, we need not reach the remaining issue raised by the defendant, which pertains to the propriety of the court's *Sandoval* ruling. O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.