■ In the Matter of KOLEAF J., a Person Alleged to be a Juvenile Delinquent, Appellant. [729 NYS2d 18] —Order of disposition, Family Court, New York County (Mary Bednar, J.), entered on or about April 23, 1999, which adjudicated the appellant a juvenile delinquent, upon a fact-finding determination that he committed an act which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, and placed him in the custody of the New York State Office of Children and Family Services for limited secure placement for 18 months, unanimously reversed, on the law, without costs, and the petition dismissed.

On August 28, 1998 at 11:18 P.M., an anonymous caller reported to the police the presence of "two black males, about 14 years old, wearing red, carrying a gun" at 75 LaSalle Street in Manhattan. Officers Hartigan and Dredrick arrived at the location, a playground, about a minute or two after receiving the report. There were about 15 to 20 teenagers in the playground. Officer Hartigan noticed appellant and one other black male, both wearing red sweatshirts, among the group; she did not notice anyone else wearing red. Officer Hartigan approached appellant, who was sitting on a bench with 4 to 6

other teenagers, asked him to stand up, and touched his waistband area. The suspect did not do anything threatening or suspicious, and he did not attempt to run away. The officer felt a hard object and asked the appellant to lift up his sweat-shirt. When he did so, Officer Hartigan saw a gun, and she placed the appellant under arrest. The officer also patted the waistband of the other teenager in red, but did not recover anything.

In denying appellant's motion to suppress the gun, the court found that the patdown was reasonable because the description provided to the officers "was sufficiently particular in describing the gender, the race, the age, the outer clothing, as well as the location of the alleged respondents with the gun." The court also found it relevant that the degree of the officer's intrusion was limited to a patdown. Appellant then admitted to having committed an act which, if committed by an adult, would constitute the crime of third-degree criminal possession of a weapon.

On appeal, appellant argues that the United States Supreme Court's holding in *Florida v J.L.* (529 US 266) requires suppression here. In that case, the Court held that an anonymous tip that a person was carrying a gun, without more, was insufficient to justify a stop and frisk. In *J.L.*, the police had received an anonymous call that a young black male wearing a plaid shirt standing at a bus stop was carrying a gun (*J.L., supra,* at 268). The officers arrived at the bus stop about six minutes later, and upon seeing J.L., who was wearing a plaid shirt, one of the officers approached him, told him to put his hands on the bus stop, frisked him, and seized a gun from his pocket (*id.*). Because J.L.'s behavior was innocuous, and the anonymous tip was not proven to be reliable both in its assertion of illegality (*see, Alabama v White*, 496 US 325, 332 [anonymous tip found sufficient to support stop and frisk where the tip contained a later corroborated forecast of a suspect's "not easily predicted" movements]), as well as its tendency to identify a particular person, the officer's action was held to have violated the Fourth Amendment.

The facts here are indistinguishable from those presented in *J.L.*, and we are therefore compelled to reverse the order appealed, grant the suppression motion and dismiss the delinquency petition. The anonymous report in this case was insufficient to sustain a finding of reasonable suspicion, "consist[ing] essentially of a reasonably-detailed description of 'the visible attributes' of a certain person claimed by an unaccountable informant to be at a certain place at a certain time, ac-

companied by the assertion that the person had a gun * * * [and, it was] not a sufficient basis upon which to stop and frisk a suspect who, as the police later confirm, matche[d] the description (*see, Florida v J.L., supra*)" (*People v Ballard,* 279 AD2d 529, 530).

Accordingly, the motion to dismiss is granted and the delinquency petition dismissed. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Mazzarelli, JJ.