■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELSONE GASBY, Appellant. [733 NYS2d 241] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Silverman, J.), rendered July 12, 1999, convicting him of criminal possession of a weapon in the second degree, criminal mischief in the fourth degree, and menacing in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dowling, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On the afternoon of May 2, 1998, two police officers received a radio report of a dispute involving a gun at 233 Sands Street in Brooklyn. The armed perpetrator was described as a black male wearing a blue, green, and beige Tommy Hilfiger jacket over a green sweater. When the officers arrived at the location one to two minutes later, they observed the defendant, who fit the description of the perpetrator, walking in front of the building. The officers then heard a woman inside the building shout out from a window, "that's him, that's him." No other individuals were on the corner where the officers observed the defendant. The defendant was subsequently stopped and frisked by the officers, and a loaded gun was seized from his waistband. One of the officers later learned that the woman who had shouted from the building was the anonymous 911 emergency telephone caller who provided the information upon which the radio report was based.

Contrary to the defendant's contention, the hearing court properly denied his motion to suppress the gun seized at the time of his arrest. Although an anonymous tip from an unknown, unaccountable informant indicating that a person is carrying a gun is insufficient to justify a stop and frisk (*see, Florida v J.L.,* 529 US 266), "there are situations in which an anonymous tip, suitably corroborated, exhibits sufficient indicia of reliability to provide reasonable suspicion to make the

investigatory stop" (*Florida v J.L., supra,* at 270 [internal quotation marks omitted]; *see, Alabama v White,* 496 US 325, 327; *People v Folk,* 284 AD2d 476). Here, the anonymous 911 telephone call describing the armed perpetrator involved in a dispute at 233 Sands Street was corroborated by the information provided by an identifiable woman in the building, who shouted out to the officers "that's him, that's him." Since the officers could have located the woman and held her accountable if her accusation against the defendant proved to be false, her statement, coupled with the information provided in the anonymous call, provided reasonable suspicion justifying the stop and frisk (*see, People v Herold,* 282 AD2d 1; *cf., Florida v J.L., supra*). Krausman, J. P., Friedmann, Florio and Adams, JJ., concur.