■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORY DIXON, Appellant. [734 NYS2d 761] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]), defendant contends that his motion to suppress evidence discovered as the result of a stop-and-frisk search should have been granted based upon *Florida v J. L.* (529 US 266). In that case, the United States Supreme Court held that a stop-and-frisk search is illegal when it is conducted based on an anonymous report of a man with a gun at a specified location, where the report lacks any indicia of reliability (*see also, Matter of Koleaf J.*, 285 AD2d 418; *People v Folk*, 284 AD2d 476; *People v Ballard*, 279 AD2d 529). The People contend that the informant in this case was not a "truly anonymous informant" (*People v Herold*, 282 AD2d 1, 6), and that *Florida v J. L.* (*supra*) therefore is not controlling. We agree with the People.

The record establishes that, on November 13, 1998, a person identifying himself as "Chris" called 911 from a cellular telephone to report that a young man, whom he referred to as "C," had "pulled a gun" on him and that the individual had a "pocket full of drugs." The caller described in detail the clothing that "C" was wearing and identified the location from which he was calling as well as the location of the suspect. The caller initially declined to meet with a police officer but, when pressed by the 911 operator, agreed to wait on a certain street corner for an officer to arrive. A police officer, upon promptly responding to the radio report of a "menacing with a gun," observed defendant, who matched the description supplied by the caller, two blocks away from the location that the caller had identified. The officer stopped and frisked defendant, and discovered cocaine.

Here, unlike in *Florida v J. L.* (*supra*), the caller partially identified himself by name and provided other "self-identifying information" (*State v Williams*, 241 Wis 2d 631, 649, 623 NW2d 106, 114; *see, State v Sisk*, 247 Wis 2d 443, 634 NW2d 877). The partially-identified informant explained how he knew that defendant had a gun, identified defendant's location and agreed to wait for the police at a designated location. Because the

caller identified himself by name and provided information about his location, the call was not a truly anonymous one, and the police were justified in acting on such information, even though other indicia of reliability had not yet been established (*see, State v Sisk, supra; State v Williams, supra*). Under the circumstances of this case, we conclude that the police had reasonable suspicion to stop and frisk defendant (*see, State v Sisk, supra; see also, People v Herold, supra*), and indeed were duty bound to do so. Thus, County Court properly denied defendant's suppression motion.

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Monroe County Court, Bristol, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.