Appeal from a judgment of Erie County Court (Drury, J.), entered November 29, 2000, convicting defendant upon his plea of guilty of, inter alia, robbery in the second degree (two counts).
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and one count of assault in the second degree (§ 120.05) (appeal No. 1). Defendant also appeals from a judgment convicting him upon his plea of guilty of, inter alia, driving while intoxicated as a felony (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [ii]) (appeal No. *978 2). Defendant was sentenced to concurrent terms of incarceration on both convictions.
We reject the People’s contention that defendant waived his right to appeal. The single reference to the waiver of the right to appeal, made on a date preceding the actual date of the pleas, is “insufficient to establish that [County Court] ‘ engage [d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice’ ” (People v Brown, 296 AD2d 860, 860 [2002], lv denied 98 NY2d 767 [2002]; see People v Callahan, 80 NY2d 273, 283 [1992]; People v Cohen, 210 AD2d 343 [1994], lv denied 85 NY2d 937 [1995]). We therefore address the merits of defendant’s appeals.
We reject the contention of defendant that the stop of his vehicle following the robbery and assault was not supported by the requisite reasonable suspicion and was improperly based on information from an anonymous source. It is well settled that “[a]n identified citizen informant is presumed to be reliable” (People v Rivera, 210 AD2d 895, 895-896 [1994]; see People v Hetrick, 80 NY2d 344, 349 [1992]). In this case, the 911 caller gave police “ ‘self-identifying information’ ” (People v Dixon, 289 AD2d 937, 937 [2001], lv denied 98 NY2d 637 [2002]) and “[i]t is readily inferable from the suppression hearing evidence that the [bartender and patrons in the bar] at the time of the robbery were the source of the [officers’] information” (Rivera, 210 AD2d at 895; see People v Parris, 83 NY2d 342, 349-350 [1994]). Moreover, the police went to the scene of the crimes and identified the witnesses before the stop of defendant’s vehicle. Therefore, the information relied upon by the police was not obtained from an anonymous source (see e.g. Parris, 83 NY2d at 349-350; Dixon, 289 AD2d at 937; People v Gasby, 288 AD2d 487, 488 [2001], lv denied 97 NY2d 704 [2002]).
The information given by the citizen informants established the type and color of the vehicle driven by the suspect. The informants also gave the police information identifying at least one of the suspects by name. Based on that information, the police went to a location near that suspect’s home to wait for the vehicle to pass. A vehicle matching the description of the suspects’ vehicle was spotted on one of two likely routes from the scene of the crime to the identified suspect’s home. The vehicle was spotted approximately 10 to 15 minutes after the crime, which is consistent with the length of time it would take to drive from the scene of the crime to the location of the stop. Finally, both the crimes and the stop took place in the early morning hours when traffic was very light. Under the circumstances of this case, we conclude that the court properly *979 determined that the police had the requisite reasonable suspicion to stop the vehicle (see e.g. People v Glaze, 255 AD2d 932 [1998], lv denied 93 NY2d 853 [1999]; People v Willsey, 198 AD2d 911 [1993], lv denied 83 NY2d 812 [1994]; People v Johnson, 102 AD2d 616, 622-623 [1984], lv denied 63 NY2d 776 [1984]).
Because we affirm the judgment of conviction in appeal No. 1, there is no merit to defendant’s contention that the plea on the indictment in appeal No. 2 should be vacated pursuant to People v Fuggazzatto (62 NY2d 862, 863 [1984]). The agreed-upon sentences are neither unduly harsh nor severe. Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.