People v White (2021 NY Slip Op 05878)





People v White


2021 NY Slip Op 05878


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS
WILLIAM G. FORD, JJ.


2018-13934
 (Ind. No. 292/18)

[*1]The People of the State of New York, respondent,
v
Antony B. White, appellant.


Anthony N. Iannarelli, Jr., New York, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Orange County (Robert H. Freehill, J.), imposed October 29, 2018, sentencing him to concurrent determinate terms of imprisonment of 10 years, to be followed by a period of postrelease supervision of 2 years, upon his convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed from two concurrent determinate terms of imprisonment of 10 years, to be followed by a period of postrelease supervision of 2 years, to two concurrent determinate terms of imprisonment of 6 years, to be followed by a period of postrelease supervision of 2 years.
Contrary to the People's contention, the defendant's purported appeal waiver was invalid. The County Court's oral colloquy mischaracterized the scope of the appeal waiver by stating that the plea and sentence would be "final and irrevocable" and by failing to clarify that appellate review remained available for select issues (see People v Thomas, 34 NY3d 545, 565-567). Thus, the purported waiver does not preclude review of the defendant's excessive sentence claim.
In light of all of the facts and circumstances of this case, the sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., AUSTIN, DUFFY, BARROS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court