People v Muhammad (2024 NY Slip Op 04981)

People v Muhammad

2024 NY Slip Op 04981

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-05637
 (Ind. No. 1431/21)

[*1]The People of the State of New York, respondent,
v
Naji Muhammad, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Jacob Bentley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Mary L. Bejarano, J.), rendered June 22, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of his right to appeal was invalid. The Supreme Court's oral colloquy mischaracterized the nature of the appeal waiver as an absolute bar to the taking of a direct appeal by stating that as a result of the appeal waiver, the "conviction and sentence by this plea will become final and have the same full effect as if you would have been convicted after trial" (see People v Thomas, 34 NY3d 545, 565-567; People v White, 198 AD3d 990). In addition, the court never elicited an acknowledgment that the defendant was voluntarily waiving his right to appeal (see People v Santillan, 200 AD3d 1074, 1075; People v Habersham, 186 AD3d 854, 854-855). In light of the defendant's age, lack of education beyond the ninth grade, and lack of prior experience with the criminal justice system, the written waiver form was insufficient to overcome the deficiencies in the oral colloquy (see People v Alexander, 225 AD3d 890). Since the purported appeal waiver was invalid, it does not preclude appellate review of the defendant's challenge to the court's suppression determinations or excessive sentence claim (see People v Matthew M., 224 AD3d 927, 929; People v Batista, 216 AD3d 1176).
Nevertheless, the record supports the Supreme Court's denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials. "Reasonable suspicion has been defined as 'that quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand'" (People v Bowers, 148 AD3d 1042, 1043, quoting People v Martinez, 80 NY2d 444, 448). "[W]here an anonymous phone tip giving a general description and location of a 'man with a gun' is the sole predicate, it will generate only a belief that criminal activity is afoot," and "will not of itself constitute reasonable suspicion thereby warranting a stop and frisk of anyone who happens to fit that description" (People v Stewart, 41 NY2d 65, 69). [*2]"Unlike a tip from a known informant whose reputation can be assessed and who can be held responsible if her [or his] allegations turn out to be fabricated, 'an anonymous tip alone seldom demonstrates the informant's basis of knowledge or veracity'" (Florida v J.L., 529 US 266, 270 [citation omitted], quoting Alabama v White, 496 US 325, 329). However, "there are situations in which an anonymous tip, suitably corroborated, exhibits 'sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop'" (id., quoting Alabama v White, 496 US at 327). Further, reasonable suspicion "requires that a tip be reliable in its assertion of illegality, not just in its tendency to identify a determinate person" (id. at 272; see People v Benbow, 193 AD3d 869, 871-872).
Here, the suppression hearing testimony established that on September 24, 2021, shortly after 10:00 p.m., police officers responded to Windmuller Park in Queens based upon a tip provided by an anonymous 911 caller about a black male in his 20s with a "colorful bag" containing a gun. Officer Rafel Jankowski testified that he called back the tipster and obtained additional information that the male individual had "twists in his hair," was wearing blue jeans, and was named Naji. After arriving at the park, Jankowski asked a woman, who had approached him, about a missing person named Naji, and she replied, "I think you found him," and she "moved her eyes towards the defendant." The woman also indicated that "it is the male with the blue sweater" and stated, "just don't do it right now." Jankowski then called the tipster, who was no longer at the park and who indicated that the woman Jankowski had spoken with was his wife. The tipster also provided additional information that the bag containing the gun was blue with the word "Champion" on it. Jankowski and other officers then approached the defendant and observed a bag matching the description "one arm's length reach" away from the defendant. The officers frisked the defendant and searched the bag, resulting in the discovery of a gun and a magazine inside of it. The officers handcuffed and arrested the defendant.
Although the police officers lacked reasonable suspicion to stop and frisk the defendant based on the initial anonymous tip of a black male with a gun without any explanation as to how the tipster knew about the gun or the basis for believing the tipster had inside information about the defendant (see People v Bailey, 164 AD3d 815, 818; People v Folk, 284 AD2d 476, 476-477), the anonymous tip was corroborated by information provided by an identifiable woman at the park, who approached Jankowski and stated, in reference to an inquiry about Naji, "I think you found him," along with identifying Naji as the male individual nearby wearing a blue sweater (see People v Gasby, 288 AD2d 487, 488). Moreover, before the officers approached the defendant, the anonymous tipster identified himself to Jankowski as the spouse of the woman in the park. Thus, in light of Jankowski's ability to call the tipster back and the tipster's identification of the woman in the park as his wife, the officers "were afforded a means of verifying the source of the information" (People v Herold, 282 AD2d 1, 6; see People v Parris, 83 NY2d 342, 350). Under the circumstances, the officers had reasonable suspicion to stop and frisk the defendant and to search the bag matching the description provided that was in close proximity to the defendant. Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court