People v Harris (2025 NY Slip Op 05096)

People v Harris

2025 NY Slip Op 05096

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
PAUL WOOTEN
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-09963
 (Ind. No. 1453/21)

[*1]The People of the State of New York, respondent,
v
Kyle Harris, appellant.

Twyla Carter, New York, NY (J.M. Boselli of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and William H. Branigan of counsel; Sarah Walter on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Stephanie Zaro, J.), imposed November 1, 2022, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 559; People v Lopez, 6 NY3d 248, 256). The Supreme Court did not discuss the appeal waiver with the defendant until after the defendant had already admitted his guilt as part of the plea agreement (see People v Donegan, 232 AD3d 804, 805; People v Haughton, 229 AD3d 467, 467-468), and the court's oral colloquy mischaracterized the scope of the waiver of the right to appeal (see People v Francis, 215 AD3d 762, 762; People v White, 198 AD3d 990, 990-991). Moreover, the written waiver of the right to appeal did not cure the deficiencies in the oral colloquy (see People v Donegan, 232 AD3d at 805). Accordingly, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., GENOVESI, WOOTEN, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court